**Gerard A. TURRO, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

No. 87–1647.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 19, 1988.

Decided Nov. 4, 1988.

Rainer K. Kraus, with whom Peter M. Connolly, Washington, D.C., was on the brief, for appellant.

Roberta L. Cook, Counsel, F.C.C., with whom Diane S. Killory, General Counsel, and Daniel M. Armstrong, Associate General Counsel, F.C.C., Washington, D.C., were on the brief, for appellee. David Silberman, Counsel, F.C.C., Washington, D.C., also entered an appearance for appellee.

Before EDWARDS, BUCKLEY and SENTELLE, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

The petitioner, Gerard A. Turro, owns an FM translator station in Fort Lee, New Jersey. He petitions for review of an order of the Federal Communications Commission ("FCC") denying his request for a waiver of FCC rules prohibiting translator stations from originating local programming. Because we find that the FCC did not abuse its broad discretion to deny waivers of its rules, we deny the petition for review.

## I. BACKGROUND

FM translator stations are low power radio stations that receive the signal of a full power FM station and simultaneously rebroadcast the signal on a different frequency. The FCC first authorized translators in 1970 as a means of improving radio reception in areas that were unserved or underserved due to distance or terrain obstructions. *See Amendment of Part 74 of the Commission's Rules and Regulations to permit the operation of low power FM broadcast translator and booster stations,* 20 Rad.Reg.2d (P & F) 1538, 1540 (1970). Out of concern for the impact of translators on full-service FM stations, the FCC adopted rules prohibiting translators from originating programming except for thirty seconds per hour to request or acknowledge financial contributions. *See* 47 C.F.R. § 74.1231 (1987) ("no-origination rule" or "translator rules").

In January 1986, the FCC granted Turro authority to operate a translator station in Bergen County, New Jersey. On July 9, 1986, four months after his station began operating, Turro sent a letter to the FCC's Mass Media Bureau ("the Bureau") requesting a waiver of the no-origination rule for at least eighteen months to permit his station to originate local programming. Turro claimed that special circumstances justified the approval of his request, because Bergen County is the largest county in the country with no commercial FM facilities and, Turro argued, under FCC rules none may be allocated to it. The county is across the Hudson River from New York City and receives the signals of dozens of stations located in the New York area, but Turro contended that none provides programming focused on the needs and interests of Bergen County. Thus, he concluded, the only way for the county to receive such service would be to allow waiver of the FM translator rules. Turro proposed to offer reporting on local political issues, weather emergencies, and civic and community groups.

In a letter dated September 12, 1986, the Bureau denied Turro's request. It found that the public interest issues raised by the request were not compelling enough to justify a waiver and would be more appropriately addressed in a rulemaking proceeding. The Bureau also found that a grant of Turro's waiver request would be likely to lead to a large number of similar requests, effectively undermining the rule without benefit of a formal rulemaking proceeding.

Turro petitioned the full Commission for review. In a brief opinion released on October 29, 1987, the Commission found no error with the Bureau's decision and denied the application for review. 2 F.C.C. Rcd. 6674 (1987).

## II. ANALYSIS

Our standard for reviewing the FCC's denial of a request for waiver of an agency rule is very deferential. As we stated in *WAIT Radio v. FCC,* 459 F.2d 1203, 1207 (D.C.Cir.) (*WAIT II*), *cert. denied,* 409 U.S. 1027 (1972),

> "An applicant for waiver faces a high hurdle even at the starting gate." [*WAIT Radio v. FCC,* 418 F.2d 1153, 1157 (D.C.Cir.1969) (*WAIT I*)]. On its appeal to this court, the burden on [the petitioner] is even heavier. It must show that the Commission's reasons for declining to grant the waiver were so insubstantial as to render that denial an abuse of discretion.

We conclude that the Commission's denial of Turro's request was not an abuse of discretion.

The principal purposes of no-origination rule are to protect full service FM stations from interference and to promote administrative convenience. We read the FCC's decision in this case as saying that a waiver in favor of the petitioner would interfere with the latter goal. In particular, the Commission expressed concern that a departure here from the no-origination rule would cause the agency to be flooded with numerous other requests.

The FCC has consistently enforced its no-origination rule very strictly, with only two exceptions clearly distinguishable from

the instant case.[1] This court has previously found that such strict adherence to a general rule may be justified by the gain in certainty and administrative ease, even if it appears to result in some hardship in individual cases. *See Basic Media, Ltd. v. FCC,* 559 F.2d 830, 833 (D.C.Cir.1977). Turro disputes the FCC's contention that granting his waiver would unleash a flood of waiver applications, but the Commission could reasonably conclude that owners of other stations would not see Turro's situation as unique.

The Commission also concluded that it was preferable to address the policy concerns raised by Turro in a rulemaking proceeding and not in the context of an *ad hoc* waiver proceeding. This decision to proceed by rulemaking is entitled to considerable deference. *See SEC v. Chenery Corp.,* 332 U.S. 194, 202–03 (1947); *Wisconsin Gas Co. v. FERC,* 770 F.2d 1144, 1166 (D.C.Cir.1985), *cert. denied sub nom. Transwestern Pipeline Co. v. FERC,* 476 U.S. 1114 (1986). The arguments that Turro advances in favor of local, community-oriented programming in Bergen County are not without some merit, but they are virtually identical to those put forward by others in petitions to the FCC to change the no-origination rule. In order to consider Turro's request on the merits, therefore, the FCC would be forced to examine an entire range of policy questions that are

not unique to Turro and are more appropriately considered in a rulemaking proceeding.

In fact, the FCC has recently published a *Notice of Inquiry, Amendment of Part 74 of the Commission's Rules Concerning FM Translator Stations,* MM Docket No. 88–140 (released June 2, 1988), indicating that it is considering amending the translator rules. One of the proposals that the FCC is reviewing would allow FM translators to originate programming. Turro thus will have an opportunity to raise his concerns before the agency in that proceeding. He has no right to insist that the FCC reconsider these issues now pursuant to a waiver request.[2]

### III. CONCLUSION

The FCC's denial of the petitioner's request for a waiver of the rule prohibiting program origination by FM translator stations was not an abuse of discretion. Accordingly, the petition for review is denied.

*So ordered.*

---

1. Even the petitioner does not seriously argue that Bergen County, New Jersey, is similarly situated to an Indian village on an isolated island in Alaska, *see In re: FM Translator Station K211AX, Klawock, Alaska* (waiver granted by FCC staff letter dated Sept. 9, 1985), or to a Navajo-speaking community in a remote, mountainous location in New Mexico, *see In re: BPFT–82051410 through IU Ramah Navajo School Board, Inc., et al.* (waiver granted by FCC staff letter dated Nov. 8, 1982).

2. Turro also argues that the FCC failed to consider the fundamental First Amendment values

implicated by his waiver request. The denial of Turro's request, however, presents no First Amendment issues different from those raised by any other denial of authorization to broadcast, and "the First Amendment tolerates far more intrusive regulation of broadcasters than of other media." *Quincy Cable TV, Inc. v. FCC,* 768 F.2d 1434, 1448 (D.C.Cir.1985), *cert. denied sub nom. National Ass'n of Broadcasters v. Quincy Cable TV, Inc.,* 476 U.S. 1169 (1986).