UNITED STATES of America, Plaintiff,

v.

Roy NESET, Defendant.

Civil No. A4–98–028.

United States District Court,
D. North Dakota,
Northwestern Division.

June 24, 1998.

Shon Hastings, U.S. Attorney's Office, Fargo, ND, for Plaintiff.

Lawrence Bender, Pearce & Durick, Bismarck, ND, for Defendant.

## ORDER

CONMY, District Judge.

Pursuant to the court's Order of May 8, 1998, this matter is before the court for a determination on the merits of the plaintiff's request for declaratory and injunctive relief.

## I. FACTUAL BACKGROUND.

By this action, the plaintiff seeks a determination that the defendant has caused unlicensed radio transmissions to occur in violation of FCC licensing regulations, that the low-power radio transmissions made by the defendant require a license and that the defendant, and "all persons in active concert or

participation with [the defendant]" be enjoined from making radio transmission until properly licensed. COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, U.S. v. Neset, Civil No. A4–98–028, 10 F.Supp.2d 1113, (D.N.D.1998), Docket # 1.

On the record before the court, the defendant has admitted he is responsible for unlicensed transmissions on 88.1 MHZ which occurred on October 21, 1997, and March, 1998, unlicensed transmissions on 88.3 MHZ. ANSWER OF DEFENDANT, ROY NESET, Civil No. A4–98–028 at Docket # 16, ¶ 11. By Affidavit and by testimony at the hearing held on May 6, 1998, Resident Agent Francis M. Evans, an electronics engineer with the FCC, the plaintiff has demonstrated that the transmissions exceeded 250 micro-volts per meter at a distance of three meters from the transmitting antenna as measured by a field intensity measuring system, and therefore a license for such transmission would have been required. AFFIDAVIT OF FRANCIS M. EVANS, Civil No. A4–98–028 at Docket # 4, ¶ 11. The defendant has admitted that he has not applied to the FCC for a radio broadcast license. ANSWER OF DEFENDANT, ROY NESET, Civil No. A4–98–028 at Docket # 16, ¶ 12.

## II. DISCUSSION.

The FCC licensing statutes require that a person be licensed before he or she can transmit radio signals within the United States. See 47 U.S.C. § 301. Under FCC regulations, however, low-power radio stations operating in the band 88 to 108 megahertz ("MHZ") are exempt from FCC licensing requirements if the field strength of the emissions do not exceed 250 microvolts/meter at a distance of 3 meters. See 47 C.F.R. § 15.239(b).

Based upon the evidence and testimony presented to the court as set forth in the proceeding section, the plaintiff has satisfied the requisites for declaratory judgment against the defendant which concludes that the defendant has made low-power radio transmissions in excess of the exemption limits provided by 47 C.F.R. § 15.239(b) so that the defendant is required to have a license in making such radio transmissions, and that the defendant has violated 47 U.S.C. § 301 by making radio transmissions without a license. However, although it cannot be disputed that the defendant has violated the licensing requirement of 47 U.S.C. § 301, he has asserted affirmative defenses which raise constitutional and other challenges to the FCC's regulatory provisions on micro-broadcasting.

 First, defendant has submitted to the court (1) a motion for judgment on the pleadings or for summary judgment on the grounds that the FCC has failed to comply with the 1995 Paperwork Reduction Act, and (2) a motion for judgment on the pleadings or for summary judgment on the grounds that the FCC has failed to comply with the Administrative Procedures Act. Defendant's motions are dispositive incarnations of defenses raised by him in his Answer to the Complaint.

Both motions submitted by the defendant claim statutory violations by the FCC in its radio broadcasting licensing operations and practices. The first motion argues that Federal Communications Commission ("FCC") has failed to obtain Office of Management and Budget ("OMB") control numbers for its applicable agency regulations in violation of the 1995 Paperwork Reduction Act, 44 U.S.C. § 3501, et seq. Therefore, the defendant posits, the public protection provisions of 44 U.S.C. § 3512 apply, and he is not legally required to obtain a radio transmission license from the FCC. The second motion argues that the FCC application form for obtaining a radio broadcasting license is a "rule" under the Administrative Procedures Act, and it is void because it has never been promulgated and published.

 These motions attack FCC policies and practices. Therefore, the motions and the defenses raised therein are subject to the doctrine of primary jurisdiction. The doctrine of primary jurisdiction requires a party who wishes to challenge an FCC policy or practice to do so first through a motion for declaratory ruling with the FCC itself. See FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 n. 5, 104 S.Ct. 1936, 1939 n. 5, 80 L.Ed.2d 480 (1984). The Communications Act then gives the Courts of Appeals exclusive jurisdiction to review the FCC's declaratory rulings in those cases, as well, as all policies, practices, and regulations

adopted by the FCC. 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a); *see ITT*, 466 U.S. at 468, 104 S.Ct. at 1939. Accordingly, this court must conclude that it does not have subject matter jurisdiction over the statutory violation defenses raised by the defendant in his Answer, and furthered by his dispositive motions. Whether or not the FCC application practices violate the statutory provisions of the Paperwork Reduction Act and/or the Administrative Procedures Act is a question best left to the expertise of the FCC and to review by the Court of Appeals. Defendant shall therefore be denied protection under these two defenses.

■ Second, the defendant has introduced a First Amendment wrinkle into the profile of this case by alleging that the FCC regulations prohibiting micro-radio broadcasts are unconstitutional· and violate the free speech rights of himself and others who listen to his broadcasts. The defendant concedes that he does not have a constitutional right to operate a radio station without a license. *See* OPPOSITION TO UNITED STATES OF AMERICA'S REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF, Civil No. A4–98–028, Docket # 17, pg. 1. Defendant argues, however, that (1) by prohibiting micro-radio, the FCC sweeps too broadly in a way not permitted under the First ·Amendment, (2) that the FCC's prosecution of the defendant and its prohibition of micro-radio are not narrowly tailored to further the government's interests in preserving the available spectrum or preventing interference, and (3) attempts to stop the defendant's broadcasts violate the First Amendment rights of his listeners to receive valuable information. Because of the limited precedent on these issues, the defendant directs the court's attention to a recent case from the Northern District of California entitled *United States v. Dunifer*, 997 F.Supp. 1235 (N.D.Cal.1998) wherein the defendant, Mr. Stephen Paul Dunifer, raised similar affirmative defenses challenging the constitutionality of FCC regulations governing the licensing of micro-radio broadcasting.

The defendant herein is similarly situated to Mr. Dunifer, in that neither the defendant nor Mr. Dunifer made application for licensing by the FCC prior to making their radio broadcasts. While earlier opinions in the *Dunifer* litigation [1] support the arguments of this defendant, by an opinion dated June 16, 1998, the Honorable Claudia Wilken, United States District Judge for the Northern District of California, found that because Mr. Dunifer had never applied for a broadcasting license, he did not have standing to challenge the licensing regulations. *See* ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING PERMANENT INJUNCTION, *United States v. Dunifer*, 997 F.Supp. 1235 (1998). The California court further determined that Mr. Dunifer lacked standing to assert a challenge to the regulatory scheme on the ground that it is unconstitutional in every conceivable application based on the fact he had never applied for a license. *Id.* Finally, while the court found that Mr. Dunifer had standing to claim that the regulations are overbroad, his claim failed because the regulatory scheme specifies procedures which the FCC must follow and it provides for judicial review of any improper FCC ruling. *Id.*

■ In reaching its decision on standing, the California court noted Mr. Dunifer's argument that he need not establish standing because standing must be demonstrated by plaintiffs and not defendants, because it is the plaintiffs who are seeking to invoke federal court jurisdiction. Guiding Judge Wilken in her decision that the standing doctrine· also applies to defendants was case law within the Ninth Circuit which analyzed whether defendants have standing to raise, as an affirmative defense, the unconstitutionality of the statute and regulations that form· the basis of the government's case-in-chief. *See United States v. Hugs*, 109 F.3d 1375, 1378 (9th Cir.1997); *United States v. Thirty Eight (38) Golden Eagles*, 649 F.Supp. 269, 274, 276 (D.Nev.1986), *aff'd*, 829 F.2d 41 (9th Cir. 1987). Case law within the Eighth Circuit is

---

1. The defendant had cited the court to *United States v. Dunifer*, No. C 94–03542 CW, MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND STAYING THIS ACTION (N.D.Ca., Jan. 30, 1995) and *United States v. Dunifer*, No. C 94– 03542 CW, ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE AND REQUESTING FURTHER BRIEFING, (N.D. Ca., November 12, 1997), and attached these filings to his brief in opposition.

not particularly instructive on this point. *See, e.g., Wood v. Mangum,* 645 F.Supp. 131, 135 (E.D.Ark.1986) (defendant's assertion that plaintiff's personal and affirmative conduct materially impaired completion of obligation on guaranty agreement and caused injury to the defendant challenged for lack of standing by the plaintiff). Notably, however, the Eighth Circuit has not taken the clear position of the Seventh Circuit that the standing doctrine applies only to plaintiffs. *See Wynn v. Carey,* 599 F.2d 193, 196 (7th Cir.1979). This court finds that logic of the Ninth Circuit with regard to standing of a defendant cannot be ignored. In raising an affirmative defense, a defendant is seeking the jurisdiction of the court to hear its claims as much as a plaintiff and, therefore, standing becomes an issue for the defendant as well. Accordingly, the court finds that the defendant must establish standing to assert his constitutional defenses.

Given the striking similarities between this matter and that of the California court, this court finds the reasoning and conclusions of the California court with regard to disposition of Mr. Dunifer's challenges to the constitutionality of FCC regulations governing the licensing of micro-radio broadcasting to be persuasive. Accordingly, the court concludes that defendant's constitutional challenges must fail, and judgment shall issue in favor of the plaintiff.

■ The court having found that the plaintiff is entitled to declaratory relief, the court turns its attention to whether a permanent injunction should also issue. A permanent injunction will issue if a violation of the statute is established, if continuing irreparable injury will occur without the entry of a permanent injunction, and an adequate remedy at law is lacking. *See, generally, Rogers v. Scurr,* 676 F.2d 1211, 1214 (8th Cir.1982); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 506–07, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959). These elements have been satisfied in this regard.

■ As noted previously, the defendant has admitted that he was making radio transmissions without a license, the court has found that these transmissions were in excess of the exemption limits, and the asserted defenses of the defendant have failed; therefore, a violation has been established. While the plaintiff argues there is a "presumption" of irreparable injury if a statute has been violated, based upon the Ninth Circuit opinion in *United States v. Nutri–cology,* 982 F.2d 394, 398 (9th Cir.1992), this presumption has not been enunciated by the Eighth Circuit, nor has wholesale adoption of this reasoning occurred within other circuits. However, this court agrees that:

> ... The right of the United States or any agency thereof to obtain an injunction provided for by statute stands upon a different footing than a private party's right thereto, the distinction being that instead of procedural mechanism for the protection of private rights, the statutory injunction is for the purpose of effectuating Congressional policy and vindicating public rights....

*United States v. Beatty,* 88 F.Supp. 646, 651 (S.D.Iowa 1950). Since the record establishes that the defendant violated the licensing regulations of the FCC, and that he continued to make such unlicensed radio transmissions even after being notified that he was in violation of the statutes and regulations, continuing irreparable injury is present. Further, no adequate remedy at law exists in this regard. Therefore, injunctive relief shall be granted.

Accordingly, upon the credible and competent evidence before the court:

1. Plaintiff's request for declaratory relief is hereby **GRANTED**, and judgment shall be entered that:

 (a). Defendant's low-power radio transmissions do not meet the technical specifications and administrative requirements of Part 15, Title 47 of the Code of Federal Regulations, and therefore a license is required pursuant to Section 301 of Title 47 of the United States Code; and

 (b). Defendant does not possess a license or other authorization to make radio broadcasts, and therefore, defendant has violated Section 301 of the Communications Act, as amended.

2. Plaintiff's request for injunctive relief is hereby **GRANTED**. Defendant and all persons in active concert or partic-

ipation with him are hereby **ENJOINED** from:

(a). making radio transmissions within the United States unless and until they first obtain a license from the FCC or other appropriate authorization in accordance with the Communications Act; and

(b). doing any act to cause unlicensed radio transmissions or to enable such radio transmissions to occur.

3. Defendant's motions for judgment on the pleadings or for summary judgment (*Docket #s 18 & 19*) are **DENIED**.

4. Plaintiff's motion for preliminary injunction (*Docket # 2*) is **MOOT**.

5. Defendant's motion for leave to file reply brief (*Docket # 24*) is **DENIED**.

6. Plaintiff's motion to supplement memorandum of law (*Docket #25*) is **GRANTED**.

IT IS SO ORDERED, AND JUDGMENT SHALL BE ENTERED ACCORDINGLY.