# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3972

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Any and all Radio Station | * | |
| Transmission Equipment; Radio | * | |
| Frequency Power Amplifiers, | * | |
| Radio Frequency Test Equipment, | * | |
| and any other equipment associated | * | |
| with or used in connection with the | * | Appeal from the United States |
| transmission at 97.7 MHZ, located | * | District Court for the |
| at 1400 Laurel Avenue, Apartment | * | District of Minnesota |
| 1109, Minneapolis, MN 55403; | * | |
| | * | |
| Defendants. | * | |
| | * | |
| Alan Fried, | * | |
| | * | |
| Claimant-Appellant, | * | |
| -------------------------------------------- | * | |
| National Association of Broadcasters, | * | |
| | * | |
| Amicus on Behalf of Appellee. | * | |

_____

Submitted:  May 14, 1998

Filed:  February 26, 1999

_____

Before McMILLIAN, NOONAN[1] and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.
_____

McMILLIAN, Circuit Judge.


Alan Fried appeals from a final order entered in the United States District Court[2] for the District of Minnesota granting judgment on the pleadings in favor of the United States of America, pursuant to Fed. R. Civ. P. 12(c), in its action for in rem forfeiture of certain radio equipment pursuant to the Communications Act of 1934, as amended, 47 U.S.C. § 510. United States v. Any & All Radio Station Transmission Equipment, 976 F. Supp. 1255 (D. Minn. 1997). For reversal, Fried argues the district court erred in holding that it lacked subject matter jurisdiction to adjudicate his constitutional affirmative defenses. For the reasons discussed below, we hold that the district court has exclusive jurisdiction to adjudicate the in rem forfeiture action, including Fried's constitutional challenges to the microbroadcasting regulations. Accordingly, we reverse the judgment of the district court and remand the case to the district court for further proceedings.

The government asserted that the district court had jurisdiction over the in rem forfeiture action pursuant to 28 U.S.C. §§ 1345 (United States as plaintiff), 1355 (action for forfeiture under any Act of Congress). We have appellate jurisdiction over the district court's final order pursuant to 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

_____

[1]The Honorable John T. Noonan, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

-2-

BACKGROUND FACTS

Most of the facts are not disputed, and the following statement of facts is taken in large part from the district court's memorandum opinion and order.

This in rem forfeiture action involves the seizure of certain radio equipment owned and used by Fried to operate BEAT, an unlicensed radio station, out of his apartment in downtown Minneapolis. BEAT broadcast at a level of about 20 watts, at a frequency of 97.7 MHZ, in an area with a radius of about 6 miles from Fried's apartment. According to Fried, BEAT's broadcast signal did not interfere with any other radio stations.

Fried is a "microbroadcaster." Microbroadcasters operate low-wattage radio stations without licensing approval from the FCC. Microbroadcasters generally use 1 to 95 watts of power to broadcast their FM radio signals. (Extremely low-wattage broadcasts do not need to be licensed by the FCC. See 47 C.F.R. § 15.239(b) (emissions which do not exceed 250 microvolts/meter at 3 meters as measured by average detectors).) At the present time FCC regulations bar issuing licenses to microbroadcasters, that is, any radio station broadcasting below 100 watts. See 47 C.F.R. § 73.211(a), .511(a), .512(c) (beginning in 1978, FCC refused to issue all future licenses for broadcasting below 100 watts, except in Alaska). It can cost more than $100,000 for a broadcast license for a 100-watt station. Broadcasting without an FCC license is a violation of federal law. 47 U.S.C. § 301. The FCC estimates that there are between 300 to 1,000 unlicensed, low-wattage radio stations broadcasting diverse programs ranging from Christian sermons to rock 'n roll to call-in discussions nationwide. Microbroadcasters generally view themselves as part of a free speech movement and as community broadcasters; they typically spend their air time talking about topics such as the evils of income tax and government regulation, reading poetry, playing "alternative" music, and expressing political points of view on many subjects.

This litigation began in July 1996, when the FCC received a complaint from an FM radio station in Rochester, MN, about an unlicensed station broadcasting on 97.7 MHZ. FCC agents investigated and confirmed unauthorized radio transmissions from Fried's apartment. In August 1996 the FCC mailed a warning letter to Fried, informing him that broadcasting unauthorized radio transmissions was unlawful in violation of 47 U.S.C. § 301, ordered him to respond to the warning letter within 10 days, and demanded that he cease operations immediately. Title 47 U.S.C. § 301 provides in part that "[n]o person shall use or operate any apparatus for the transmission of . . . signals by radio . . . except under and in accordance with [the Federal Communications Act] and with a license in that behalf granted under the provisions of this chapter." Persons who willfully and knowingly intend to violate the licensing requirement may have their equipment or devices seized and forfeited to the United States. Id. § 510(a).

Fried responded to the warning letter by challenging the constitutionality of the microbroadcasting regulations and requested a waiver of the FCC licensing requirement, but he did not cease operation of BEAT. (The government disputed whether or not Fried requested a waiver, but the district court assumed he had done so. 976 F. Supp. at 1256 n.1.)

PROCEEDINGS IN DISTRICT COURT

The government then brought this in rem forfeiture action in federal district court. The in rem forfeiture complaint asserted the district court had jurisdiction under 28 U.S.C. §§ 1345, 1355, and 47 U.S.C. § 510. In October 1996, after a hearing, the federal magistrate judge[3] issued a warrant of arrest and notice in rem commanding the United States marshal to "arrest" the radio equipment used to operate the unlicensed radio station. The government gave notice of the arrest by

---

[3]The Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

personal service on Fried and his attorney and by publication. The United States marshal executed the warrant and seized the radio equipment in early November 1996. Fried filed a claim of ownership of the seized radio equipment and sought restoration of the equipment. Fried also filed an answer to the in rem forfeiture complaint in which he raised several affirmative defenses challenging the constitutionality of the microbroadcasting regulations. Fried argued in general that the FCC regulations barring new licenses to microbroadcasters violated the First Amendment, equal protection and due process. Fried also argued that the microbroadcasting regulations violated the Communications Act, 47 U.S.C. § 303(g) (directing the FCC to encourage larger and more effective use of radio "in the public interest"), as well as Article XIX of the United Nations Declaration of Human Rights and Article XIX of the International Covenant on Civil and Political Rights. Fried did not challenge the constitutionality of the Communications Act itself. (We note that the Supreme Court upheld the constitutionality of the Communications Act in NBC v. United States, 319 U.S. 190, 227 (1943).)

The government filed a motion for judgment on the pleadings in its favor pursuant to Fed. R. Civ. P. 12(c). The government argued that it was undisputed that Fried used and possessed the radio equipment to broadcast without an FCC license. Fried admitted that he intended to continue to operate the radio equipment (and did in fact continue) to broadcast even after receiving the warning letter from the FCC ordering him to cease operations immediately. The district court agreed with the government that there was no material issue of fact in dispute and that it was entitled to judgment as a matter of law-- the radio equipment violated 47 U.S.C. § 301 and seizure and forfeiture of the radio equipment was authorized under 47 U.S.C. § 510(a). 976 F. Supp. at 1257.

The district court noted, however, that Fried's affirmative defenses raised constitutional and other challenges to the microbroadcasting regulations. The government argued that it was entitled to judgment on the pleadings because,

pursuant to 47 U.S.C. § 402, the court of appeals, not the district court, has exclusive jurisdiction to determine the validity of the microbroadcasting regulations. Section 402(a) provides that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the [FCC] under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28." Chapter 158 includes 28 U.S.C. § 2342, which provides in part that "[t]he court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend . . . or to determine the validity of– (1) all final orders of the [FCC] made reviewable by § 402(a) of title 47." In other words, the government argued that Fried was seeking to litigate his constitutional challenges in the wrong forum-- that instead of the district court, Fried should raise his constitutional challenges before the FCC and then, assuming the FCC rejects his constitutional arguments, seek judicial review by appealing the final order of the FCC directly to the court of appeals. See, e.g., FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984). The FCC has not issued a final order in the present case because Fried has never applied for a license, although he maintained (and the district court assumed so for purposes of analysis) that he had filed a request for a waiver.

Fried argued that the district court, not the court of appeals, had exclusive jurisdiction over the forfeiture action, including the merits of his constitutional challenges to the microbroadcasting regulations. Fried argued that 47 U.S.C. § 504(a) vests exclusive jurisdiction in the district courts to hear forfeiture suits by the government and suits by private individuals seeking to avoid forfeitures, including the merits of his constitutional challenges to the microbroadcasting regulations:

> The forfeitures provided for in this chapter shall be payable into the Treasury of the United States, and shall be recoverable, . . . in a civil suit in the name of the United States brought in the district where the person or carrier has its principal operating office . . . : Provided, That any suit for the recovery of a forfeiture imposed pursuant to the provisions of this chapter shall be a trial de novo . . . .

Although federal district courts have exclusive jurisdiction to hear forfeiture suits brought by the government and suits by individuals seeking to avoid enforcement of forfeiture, the court of appeals has exclusive jurisdiction to determine the validity of all final orders of the FCC. The present case involved both an effort to avoid enforcement of the forfeiture (and thus a matter for the district court) and a constitutional challenge to the microbroadcasting regulations (and thus a matter for the court of appeals). The district court decided that Fried was really challenging the constitutionality of the microbroadcasting regulations, rather than the forfeiture order itself, and thus the case was properly one within the exclusive jurisdiction of the court of appeals pursuant to 47 U.S.C. § 402. 976 F. Supp. at 1259. The district court distinguished the two cases relied upon by Fried to support exclusive jurisdiction in the district court on the ground that, unlike Fried, the claimants in those cases challenged some aspect of the forfeiture orders. Id. at 1258-59, citing Pleasant Broadcasting Co. v. FCC, 564 F.2d 496 (D.C. Cir. 1977) (Pleasant Broadcasting) (contesting whether refusal to permit FCC inspection violated regulation), and Dougan v. FCC, 21 F.3d 1488 (9th Cir. 1994) (disputing whether petitioner violated regulation by refusing to permit FCC inspection). The district court granted the government's motion for judgment on the pleadings. This appeal followed.[4]

STANDARD OF REVIEW

---

[4]The National Association of Broadcasters (NAB) has tendered an amicus curiae brief in support of the Federal Communications Commission (FCC). According to its brief, the NAB is a non-profit incorporated association of radio and television broadcast stations and networks representing the nation's broadcasting industry and is committed to protecting the integrity of the spectrum used for radio and television broadcasting to ensure that the public receives the highest quality service.

We review a motion for judgment on the pleadings de novo. We accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party. Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c); e.g., National Car Rental System, Inc. v. Computer Assocs. Int'l, Inc., 991 F.2d 426, 428 (8th Cir.), cert. denied, 510 U.S. 861 (1993); Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

EXCLUSIVE JURISDICTION IN DISTRICT COURT

The threshold issue is which court has exclusive jurisdiction-- the district court (as Fried argues) or the court of appeals (as the government argues). The parties raise essentially the same arguments on appeal as they did in the district court. For reversal, Fried argues that the district court erred in holding that the court of appeals has exclusive jurisdiction over the in rem forfeiture action and his constitutional defenses. Fried argues that the district court has exclusive jurisdiction because the forfeiture provision, 47 U.S.C. § 504(a), specifically refers to trial de novo in the district court and that reference contemplates adjudication of all issues raised in the forfeiture action, including any and all defenses. He further argues that this specific jurisdictional provision, which particularly refers to forfeiture orders in the district courts, overrides 47 U.S.C. § 402, which is a general jurisdictional provision for judicial review in the courts of appeals of final orders of the FCC.

The government argues that the courts of appeals have exclusive jurisdiction to review all final orders of the FCC, including orders deciding applications for broadcast licenses and requests for waivers. See 47 U.S.C. § 402(a); 28 U.S.C. § 2342 (the court of appeals (other than the court of appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to

determine the validity of all final orders of the FCC).  The government argues that the validity of the underlying microbroadcasting regulations is not at issue in the in rem forfeiture action and that Fried cannot "bootstrap" a constitutional challenge to the microbroadcasting regulations into the forfeiture action.  The government argues that, by attempting to bypass first administrative review by the FCC and then judicial review in the court of appeals, Fried is improperly seeking what essentially amounts to "pre-enforcement" review of the microbroadcasting regulations without an adequate administrative record.  The government argues that Fried can raise his constitutional challenges to the microbroadcasting regulations by filing an application for a license with a request for a waiver.  If his application for a license and request for a waiver are denied by the FCC, the government argues that Fried can then appeal to the United States Court of Appeals for the District of Columbia Circuit, pursuant to 47 U.S.C. § 402(b)(1).  Alternatively, the government argues that Fried can challenge the constitutionality of the microbroadcasting regulations by filing a petition for rulemaking pursuant to 47 C.F.R. § 1.401, and, if that petition is denied, then seek judicial review in any court of appeals, pursuant to 47 U.S.C. § 402(a).

This is a difficult issue, and the cases are not easy to reconcile.  Nonetheless, we think Fried's argument is persuasive.  In particular, we are persuaded by the statutory analysis in Dougan v. FCC, 21 F.3d 1488.  In that case, the FCC had issued a final forfeiture order against Dougan for operating a radio station without a license and for refusing to permit FCC engineers to inspect the station.  Dougan filed a petition for review in the court of appeals, citing 47 U.S.C. § 402(a) and 28 U.S.C. § 2342.  The government contested Dougan's right to seek judicial review of the forfeiture order in the court of appeals, arguing that the more specific forfeiture statute, 47 U.S.C. § 504(a), controlled the more general one, 47 U.S.C. § 402(a), even though 47 U.S.C. § 504(a) deals only with suits by the government to enforce forfeiture and not suits by recipients of notices of forfeiture seeking to avoid enforcement. The Ninth Circuit agreed with the government's argument, holding that the more specific 47 U.S.C. § 504(a) "is a special review statute which vests

[exclusive] jurisdiction over forfeiture actions in the district court, and therefore cuts off simultaneous jurisdiction in other courts." 21 F.3d at 1491 (referring to enforcement suits by the government as well as suits by private individuals seeking to avoid enforcement), citing Pleasant Broadcasting, 564 F.2d at 496, 500-01.

The Dougan court relied on the analysis in an earlier case, Pleasant Broadcasting, which involved consolidated petitions by two broadcast licensees who had requested that forfeiture orders entered against them by the FCC be set aside. In the first petition, the FCC had imposed a $500 forfeiture on Pleasant Broadcasting for "repeatedly" violating the over-power regulation. The sole contention was the FCC's interpretation of the word "repeatedly" was erroneous as a matter of law. The second petition involved the FCC finding that WIYN Radio was in "repeated" violation of the Personal Attack Rule, 47 C.F.R. § 73.123, which required the licensee, within seven days, to notify the party that had been publicly and personally attacked. The FCC found that a separate offense had occurred during each of the 20 days WIYN Radio had failed to notify the attacked party. Both Pleasant Broadcasting and WIYN Radio contested the FCC's interpretation of "repeatedly" and sought judicial review in the D.C. Circuit pursuant to 47 U.S.C. § 402(a).

The D.C. Circuit held that 47 U.S.C. § 504(a) established the district court as the exclusive forum for review of the forfeiture orders. 564 F.2d at 500 (noting that, even though that section by its terms makes no provision for initiation of judicial review by persons subjected to forfeiture order, it clearly provides such persons with opportunity to obtain full review in district court in proceeding which the government must bring to collect the monetary forfeiture). The D.C. Circuit noted that, "'even where Congress has not expressly conferred exclusive jurisdiction, a special review statute vesting jurisdiction in a particular court cuts off other courts' original jurisdiction in all cases covered by the special statute.'" Id. at 500-01, citing Investment Co. Institute v. Board of Governors, 551 F.2d 1270, 1279 (D.C. Cir. 1977). Accord United States v. Any & All Radio Station Transmission Equipment,

19 F. Supp. 2d 738, 746-47 (E.D. Mich. 1998) (Bent Oak) (holding 47 U.S.C. § 504(a) is a special review statute that vests jurisdiction over forfeiture actions in the district courts and cuts off simultaneous jurisdiction in other courts); cf. United States v. Neset, 10 F. Supp. 2d 1113, 1114-15 (D.N.D. 1998) (holding courts of appeals have exclusive jurisdiction to review FCC declaratory rulings on validity of FCC policies or practices; whether FCC policies or practices comply with paperwork reduction act or administrative procedures act are matters within primary jurisdiction of FCC). But see Moser v. FCC, 46 F.3d 970, 973 (9th Cir.) (holding summarily that district courts lack jurisdiction over all challenges to FCC regulations), cert. denied, 515 U.S. 1161 (1995); United States v. Any & All Radio Station Transmission Equipment, 29 F. Supp.2d 393, 397-98 (E.D. Mich. 1998) (holding that district court does not have jurisdiction in forfeiture action to entertain challenge to constitutionality of FCC microbroadcasting regulations; claimant must first seek final decision by FCC and then appeal any unfavorable decision to appropriate court of appeals, citing district court decision in the present appeal). The D.C. Circuit considered the statutory scheme and concluded that

> it is unlikely that Congress intended for persons in the position of the licensees to have two bites at the apple, that is, to be able to challenge the forfeiture order in a court of appeals on the basis of the administrative record and, if unsuccessful, to litigate all issues de novo in the district court, with a right of appeal to the court of appeals. . . . [W]e would be reluctant to give litigants a choice of forums for review, without some support in the language or history of the forfeiture statute, or some showing that the special procedure enacted by Congress is unavailable or inadequate.

564 F.2d at 501 (noting that review of legislative history indicated that Congress was operating under assumption that any review would occur through trial de novo in the district court).

Another decision involving an unlicensed microbroadcaster also supports the position that the district courts have exclusive jurisdiction over forfeiture actions, including any constitutional affirmative defenses raised by the person seeking to avoid enforcement. In United States v. Dunifer, 997 F. Supp. 1235 (N.D. Cal. 1998), the government brought an action for injunctive and declaratory relief in federal district court against Stephen Paul Dunifer, the owner and operator of an unlicensed microbroadcasting radio station, Radio Free Berkeley. The government sought a ruling that Dunifer was violating 47 U.S.C. § 301 by broadcasting without a license. Dunifer did not dispute that he had been operating the radio station without a license, but he argued that he should not be enjoined from broadcasting because the FCC's refusal to license microbroadcasters amounted to a content-based restriction on speech in violation of the First Amendment. The FCC had issued a monetary forfeiture order and Dunifer had filed an application for review of the forfeiture order, raising the same constitutional arguments. The district court denied the government's motion for a preliminary injunction and stayed the case under the doctrine of primary jurisdiction so that the issue of the constitutionality of the microbroadcasting regulations could be decided first by the FCC, either in the context of the pending forfeiture proceeding or in FCC rule-making proceedings. 997 F. Supp. at 1238.

After the FCC issued its forfeiture order holding the microbroadcasting regulations did not violate the First Amendment (or the FCC's statutory mandate to regulate in the public interest), the government filed a motion for summary judgment in the declaratory judgment action, arguing that the district court lacked jurisdiction because exclusive jurisdiction over any challenge to FCC regulations is vested in the court of appeals. The district court rejected that argument, ruling that 47 U.S.C. § 401(a), which provides the district court with jurisdiction over actions by the government in which it alleges failure to comply with the Communications Act, including the charge of broadcasting without a license, granted jurisdiction to the district court over any valid defense to the charge. 997 F. Supp. at 1238.

We find the analysis in these cases to be persuasive and hold that the district court has exclusive jurisdiction over the in rem forfeiture action, including Fried's constitutional affirmative defenses.

ISSUES ON REMAND

For purposes of this appeal, we have assumed, as did the district court, that Fried filed a request for a waiver of the microbroadcasting rules in which he raised his arguments challenging their constitutionality. The FCC does have jurisdiction to determine the constitutionality of its regulations. See id. at 1240, citing Meredith Corp. v. FCC, 809 F.2d 863, 872, 874 (D.C. Cir. 1987) (holding that FCC was required to respond to plaintiff's constitutional arguments and remanding case to FCC to consider constitutionality of FCC fairness doctrine on its face and as applied), and WAIT Radio v. FCC, 418 F.2d 1153, 1156 (D.C. Cir. 1969) (remanding FCC's denial of applicant's waiver request to FCC to reconsider First Amendment issue raised therein). See also United States v. Evergreen Media Corp., 832 F. Supp. 1183, 1185-86 (N.D. Ill. 1993) (district court held it had jurisdiction to hear defendant's counterclaims challenging facial constitutionality of FCC regulation barring obscene, indecent or profane language). However, the record does not indicate that the FCC has acted upon Fried's request for waiver.

Having determined that the district court has exclusive jurisdiction to adjudicate the in rem forfeiture action, we reverse the judgment of the district court and remand the case to the district court with directions to consider whether to invoke the doctrine of primary jurisdiction, because the issue of the constitutionality of the microbroadcasting regulations has yet to be addressed by the FCC, at least in the context of the present litigation. (As noted above, the FCC in the Dunifer forfeiture proceeding held the microbroadcasting regulations did not violate the First Amendment.) See Bent Oak, 19 F. Supp. 2d at 744-48 (applying doctrine of primary jurisdiction and dismissing case without prejudice because no administrative

-13-

proceeding currently pending); United States v. Dunifer, 997 F. Supp. at 1238 (noting earlier stay of litigation under doctrine of primary jurisdiction in light of then-pending FCC forfeiture proceeding); cf. Rosenthal & Co. v. Bagley, 581 F.2d 1258, 1260 (7th Cir. 1978) (holding exhaustion of administrative remedies doctrine retains its validity even when the collateral judicial action challenges the constitutionality of the basic statute under which agency functions); see also Turro v. FCC, 859 F.2d 1498 (D.C. Cir. 1988) (court of appeals review of FCC order denying request for waiver of FCC rules); WAIT Radio v. FCC, 418 F.2d 1153 (same; remanding matter to FCC for statement of reasons for denial of waiver).

We hold that the district court has exclusive jurisdiction to adjudicate the in rem forfeiture action, including Fried's constitutional affirmative defenses. Accordingly, we reverse the judgment of the district court and remand the case to the district court for further proceedings. On remand, the district court should consider the issue of primary jurisdiction.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

I would reverse the order of the district court, but for reasons different from those elaborated in Judge McMillian's opinion. I do not believe that the defendant in this case is seeking to "enjoin, set aside, annul, or suspend any order of the Commission," see 47 U.S.C. § 402(a), for the simple reason that no FCC order is being challenged. This is a suit initiated by the United States to forfeit Mr. Fried's property, a suit over which the district court plainly has jurisdiction under 28 U.S.C. §§ 1345, 1355. Until today I had not supposed that anyone could plausibly maintain that any court of the United States, properly seized of jurisdiction of a suit, did not also have jurisdiction to consider constitutional defenses to that suit. Congress could, of course, provide otherwise, as, for instance, by providing streamlined forfeiture remedies that excluded certain defenses, while giving a defendant an opportunity to

-14-

raise those defenses in some other context. I do not see that Congress has done so in this instance.

Congress knows how to give exclusive jurisdiction to determine the validity of a regulation when it wants to. Indeed, 28 U.S.C. § 2342 is itself directly instructive on this point. While it gives the courts of appeals exclusive jurisdiction to set aside "all final orders" of the FCC (§ 2342(1)), it gives the courts of appeals the same jurisdiction to set aside "all rules, regulations, or final orders" of a certain kind issued by the Secretary of Transportation (28 U.S.C. § 2342(3)(A)) and the Federal Maritime Commission (28 U.S.C. § 2342(3)(B)). See also 28 U.S.C. § 2342(5) (all rules, regulations, or final orders of a certain kind issued by the ICC). It thus becomes plain that 28 U.S.C. § 2342(1) does not give the courts of appeals exclusive jurisdiction to determine the validity of an FCC regulation.

FCC v. ITT World Communications, Inc., 466 U.S. 463 (1989), on which Judge Noonan relies, is not to the contrary, for that was a suit to enjoin a denial of a rulemaking petition. No such petition is at issue here, and the fact that Mr. Fried could file one and have his defenses adjudicated is of no moment. What we have is the case before us, and in it I see no statutory or other impediment to the consideration of Mr. Fried's defenses.

I therefore join in the order reversing and remanding the case to the district court for further proceedings.

NOONAN, Circuit Judge, dissenting.

This case is an important one for the statutory scheme created by Congress for the regulation of broadcasting. No binding authority is a precise precedent, with the result that the court has a certain leeway in its interpretation of the jurisdictional

provisions of the Federal Communications Act.  However, by close analogy with decided cases, by out-of-circuit precedent, and by the terms of the statutory scheme, the district court is without jurisdiction to entertain a challenge to FCC regulations.

The FCC has brought a forfeiture action against a broadcaster without a license.  The broadcaster's only defense is the "the FCC prohibition against low power broadcasting" is contrary to the Constitution of the United States, the statutory mandate of 47 U.S.C. § 303(g), the United Nations Declaration of Human Rights, and the International Covenant on Civil and Political Rights.  The defense is exclusively focused on the validity of the regulations.  The district court has no jurisdiction to decide the validity of the regulations and therefore has no jurisdiction to consider the defense.

The statute provides: "Any proceeding to enjoin set aside, annul, or suspend any order of the Commission . . . shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28."  47 U.S.C. § 402(a).  The cross referenced statute states: "The court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of – (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47."  28 U.S.C. § 2342.  It is hard to think of clearer language confining the review of regulations to the Courts of Appeal.

The Supreme Court has authoritatively determined that the exclusive jurisdiction of the Court of Appeals over rulemaking by the FCC may not be evaded by seeking to enjoin a final order of the FCC in the district court.  FCC v. ITT World Communications, Inc., 466 U.S. 463, 468 (1984).  A defensive attack on the FCC regulations is as much an evasion of the exclusive jurisdiction of the Court of Appeals as is a preemptive strike by seeking an injunction.  Whichever way it is done, to ask the district court to decide whether the regulations are valid violates the statutory requirements.  As this court said in applying ITT: "Where exclusive

jurisdiction is mandated by statute, a party cannot bypass the procedure by characterizing its position as a defense to an enforcement action." <u>Southwestern Bell Telephone v. Ark. Pub. Serv.</u>, 738 F.2d 901, 906 (8th Cir. 1984), <u>vacated and remanded on other grounds</u>, 476 U.S. 1167 (1986). "The exclusive jurisdiction of the courts of appeals cannot be evaded simply by labeling the proceeding as one other than a proceeding for judicial review." <u>Id.</u>

The two cases relied on by the majority are not to the contrary. These cases, won by the FCC, merely hold that the district court is the exclusive forum for a forfeiture. The cases say nothing as to where the regulations of the FCC may be challenged. See <u>Dougan v. FCC</u>, 21 F.3d 1448 (9th Cir. 1994); <u>Pleasant Broadcasting Co. v. FCC</u>, 564 F.2d 496 (D.C. Cir. 1977). As the court notes, its interpretation of the Ninth Circuit case of <u>Dougan</u> is directly contrary to <u>Moser v. FCC</u>, 46 F.3d 970, 973 (9th Cir.), <u>cert. denied</u>, 515 U.S. 1161 (1995).

The statutory scheme makes sense (1) to ensure review based on an administrative record made before the agency charged with implementation of the statute;(2) to ensure uniformity of decisionmaking because of uniform factfinding made by the agency; (3) to bring to bear the agency's expertise in engineering and other technical questions. If Fried had no way of obtaining judicial review of the regulations his case might be different. See <u>Thunder Basin Coal Co. v. Reich</u>, 510 U.S. 200, 212-13 (1994). But he could have obtained review by applying for a license and asking for a waiver of the regulations; rejection of his request would be permitted appeal to the circuit. Rather than follow the procedures established by law, he has attempted an end run.

I would affirm the district court.

A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHTH CIRCUIT.