**VISTA COMMUNICATIONS, INC. Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

No. 01–1168.

United States Court of Appeals, District of Columbia Circuit.

May 26, 2004.

Emmett Ashton Johnston, Piper Rudnick, Washington, DC, for Petitioner.

John A. Rogovin, Stewart Allen Block, Counsel, Jane E. Mago, Assistant General Counsel, Daniel McMullen Armstrong, Associate General Counsel, Federal Communications Commission, Robert Hewitt Pate, III, Andrea Limmer, Attorney, Catherine G. O'Sullivan, Chief Counsel, U.S. Department of Justice, Washington, DC, for Respondents.

Before EDWARDS, SENTELLE, and HENDERSON, Circuit Judges.

### JUDGMENT

PER CURIAM.

Consolidated with 03–1281

This cause was considered on petitions for review of orders of the Federal Communications Commission and were briefed and argued by counsel. It is

■ **ORDERED AND ADJUDGED** that the petitions for review of the orders of the Federal Communications Commission are hereby denied. Petitioner Vista Communications, Inc. ("Vista") had clear notice of the installment payment requirements and the requirement that grace period requests be submitted within 90 days after becoming delinquent on an installment payment. The applicable grace period rule clearly stated that "upon default with no [grace period] request submitted, the license will automatically cancel and the Commission will initiate debt collection procedures." 47 C.F.R. § 1.2110(e)(4)(iii) (1994). The Commission has consistently taken the reasonable position that these rules require grace period requests to be filed on or before the 90th day, and on several occasions the Commission has reminded licensees of this requirement. *See Wireless Telecommunications Bureau Staff Clarifies "Grace Period" Rule for IVDS "Auction" Licensees Paying by Installment Payments,* Public Notice, 10 F.C.C.R. 10,724, 1995 WL 704458 (Jun. 26, 1995); Letter from Dorsey to Licensees (Mar. 29, 1996), *reprinted in* Joint Appendix ("J.A.") 70–71; *Reminder to License[e]s With Installment Payment Plans: Availability of Grace Periods,* Public Notice, 12 F.C.C.R. 7971, 1997 WL 133500 (Mar. 25, 1997). Given these clear requirements, the Commission was not

obliged to reinstate Vista's licenses after Vista failed to make several consecutive installment payments without requesting a grace period.

■ We find nothing arbitrary or capricious in the Commission's definition of the class of "eligible licensees" who are permitted to participate in the restructuring of the 218–219 MHz Service licenses. *See In the Matter of Amendment of Part 95 of the Commission's Rules to Provide Regulatory Flexibility in the 218–219 MHz Service,* 15 F.C.C.R. 1497, 1999 WL 705096 (1999) (*"Order"*); *In the Matter of Amendment of Part 95 of the Commission's Rules to Provide Regulatory Flexibility in the 218–219 MHz Service,* 15 F.C.C.R. 25,020, 2000 WL 1818363 (2000) (*"Reconsideration Order"*). The Commission reasonably excluded licensees who had defaulted on their payments or failed to make timely grace period requests in order to preserve the integrity of the competitive bidding process and fairness to those licensees that had complied with the rules. *See Order* at ¶¶ 35–38. The Commission adequately responded to each of the arguments Vista raised in its petition for reconsideration. *See Reconsideration Order* at ¶¶ 24–29.

■ Nor do we find any abuse of discretion in the Commission's denial of Vista's request for waiver of the grace period and default rules. The Commission ruled that strict enforcement of the grace period and default rules was necessary to insure the integrity of the competitive bidding process and that a waiver therefore would not serve the underlying purposes of these rules. *See In re Eligibility Status of Vista Communications, Inc.,* Letter from Wiener to Johnston, 16 F.C.C.R. 12,430, 12,435–36, 2001 WL 649963 (June 12, 2001) (*"Division Order"*); *In the Matter of Application for Review of the Denial of Vista Communications, Inc.'s Request for Waiver of the Installment Payment Rules for the 218–*

*219 MHz Service,* 18 F.C.C.R. 16,957, at ¶ 12, 2003 WL 21955029 (2003) (*"Commission Order"*). We have held that an agency's "strict construction of a general rule in the face of waiver requests is insufficient evidence of an abuse of discretion." *Mountain Solutions, Ltd. v. FCC,* 197 F.3d 512, 517 (D.C.Cir.1999) (upholding Commission's denial of licensee's request for waiver of down payment deadline); *Turro v. FCC,* 859 F.2d 1498, 1500 (D.C.Cir.1988) ("[S]trict adherence to a general rule may be justified by the gain in certainty and administrative ease, even if it appears to result in some hardship in individual cases."). The Commission has relied on this reasoning in denying waivers of installment payment deadlines in similar cases. *See In the Matter of Request of Inforum Communications, Inc. for Petition for Reconsideration and Waiver Request for Late Acceptance of BTA Installment Payment,* 19 F.C.C.R. 83, 85, 2004 WL 41939 (2004); *In re Request for Temporary Waiver of Installment Payment Due Date,* Letter from Wiener to Fox, 16 F.C.C.R. 11,786, 11,787–88, 2001 WL 589542 (June 1, 2001); *In re Eligibility Status of IVIDCO, L.L.C. & Contingent Waiver Request,* Letter from Wiener to Craven, 16 F.C.C.R. 7,236, 7,242, 2001 WL 55628 (Jan. 23, 2001); *In the Matter of Southern Communications Sys., Inc.,* 15 F.C.C.R. 25,103, 25,105–08, 2000 WL 33709683 (2000).

In addition, the Wireless Telecommunications Bureau reasonably distinguished the "constructive waiver" cases upon which Vista relies. *See In the Matter of Petition for Reconsideration of the Denial of Vista Communications, Inc.'s Request for Waiver of the Installment Payment Rules for the 218–219 MHz Service,* 18 F.C.C.R. 2540, at ¶¶ 18–21, 2003 WL 397908 (2003) (*"Bureau Order"*). The Commission's orders responded adequate-

ly to each of Vista's other arguments, including Vista's offer to make retroactive payments to "become current" in its installments. *See Division Order* at 12,436; *Commission Order* ¶ 17. Finally, the Commission was not obligated to accept Vista's eleventh-hour offer to make full payment of the remaining license obligation. *See* Petition for Reconsideration at 10 n. 32, *reprinted in* J.A. 105. This offer came in a footnote to Vista's Petition for Reconsideration of the *Division Order* over four years after Vista defaulted on its license installment payments. The Commission therefore undertook the necessary "hard look" at Vista's request for waiver, *see BellSouth Corp. v. FCC*, 162 F.3d 1215, 1224 (D.C.Cir.1999) (quoting *WAIT Radio v. FCC*, 418 F.2d 1153, 1157 (D.C.Cir. 1969)), and did not abuse its discretion in denying that waiver.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. Cir. Rule 41.