**William Leigh DOUGAN, Petitioner,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, United States of America, Respondent.**

No. 92–70734.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 14, 1993.

Decided April 20, 1994.

(1986).

---

**3.** The House Report is to the same effect. *See* H.R.Rep. No. 99–647, 99th Cong., 2d Sess., at 61

**1489**

The FCC found that he had violated the Communications Act of 1934, 47 U.S.C. § 301 and 47 C.F.R. § 15.29 by operating a radio station without a license and by refusing to permit FCC engineers to inspect the station. Dougan challenges the jurisdiction of the FCC over his intrastate broadcasts and the constitutionality of the licensing regulations. For the reasons given below, we find that this court lacks jurisdiction and therefore dismiss the appeal.

## I.

It is undisputed that Dougan was operating an unlicensed FM radio station, which he called "KAPW," out of a backyard shed at his home in Phoenix, Arizona. He was transmitting with a power of 0.5 W, and he claims his transmissions could be received 1.5–2.5 miles from their source. The local field office of the FCC traced 88.9 MHZ radio signals to Dougan's home on March 12 and March 17, 1992. On March 17, 1992, three FCC engineers knocked on the front door, and announced their desire to speak with Dougan. It is disputed whether they specifically asked to inspect the radio equipment. After the engineers identified themselves, the door was closed, and the inhabitant refused to return to the door. The FCC agents then called the station's operator by telephone, and the operator identified himself as Bill Dougan, but refused to meet outside with the FCC engineers.

By a warning letter dated March 20, 1992, sent by both certified and regular mail, Stephen Tsuya, the Engineer in Charge of the local field office, issued an Official Notice of Violation of 47 U.S.C. §§ 301, 303(n).[1] The

William M. Piatt, Law Offices of William M. Piatt, Phoenix, AZ, for petitioner.

Catherine G. O'Sullivan and James W. Lowe, U.S. Dept. of Justice, David Silberman, Federal Communications Com'n, Washington, DC, for respondents.

Peter Franck and Louis N. Hiken, National Lawyers Guild, San Francisco, CA, for amicus curiae National Lawyers Guild.

Before: POOLE, BEEZER and KLEINFELD, Circuit Judges.

Opinion by Judge POOLE.

POOLE, Circuit Judge:

Petitioner William Leigh Dougan seeks review of a forfeiture order issued by the Federal Communications Commission ("FCC").

---

1. It is the purpose of this chapter, ..., to maintain the control of the United States over all the channels of radio transmission; and to provide for the use of such channels, but not the ownership thereof, by persons for limited periods of time, under licenses granted by Federal authority,.... No person shall use or operate any apparatus for the transmission of energy or communications or signals by radio ... except under and in accordance with this chapter and with a license in that behalf granted under the provisions of this chapter.

47 U.S.C. § 301.

[T]he Commission from time to time, as public convenience, interest, or necessity requires, shall—

(n) Have authority to inspect all radio installations associated with stations required to be licensed ... to ascertain whether in construction, installation, and operation they conform to the requirements of the rules and regulations of the Commission, [and] the provisions of any Act....

47 U.S.C. § 303(n).

In the Notice of Apparent Liability for Monetary Forfeiture, the FCC alleged violation of

FCC informed Dougan in the letter that he had ten days to reply to the notice before a determination was made regarding the imposition of monetary forfeiture.

Dougan replied by a letter dated March 23, 1992, objecting to the exercise of agency jurisdiction over his activities, and disputing that the agents had ever requested to inspect his equipment.

The FCC issued a Notice of Apparent Liability for Monetary Forfeiture on July 14, 1992, setting the amount of forfeiture at $17,-500. The notice informed Dougan that he had thirty days to pay the forfeiture or file a written response showing why it should be reduced or not imposed.

Through his counsel, Dougan replied to the FCC by a letter dated August 13, 1992, again arguing that his activities did not fall within FCC's regulatory reach, and arguing that the forfeiture was so overly burdensome as to shock the conscience.

The FCC issued its Forfeiture Order on September 10, 1992 in the amount of $17,500, payable within thirty days. Dougan filed this petition for review on November 9, 1992.

## II.

The general rule for review of FCC action is stated at 47 U.S.C. § 402(a):

> Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter ... shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28.

47 U.S.C. § 402(a). Chapter 158 is comprised of sections 2341–2353, and includes the following provision:

> The court of appeals ... has *exclusive* jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—

> (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47....

28 U.S.C. § 2342 (emphasis added).

However, forfeiture cases in particular are discussed at 47 U.S.C. § 504(a):

> The forfeitures provided for in this chapter shall be payable into the Treasury of the United States, and shall be recoverable, ..., *in a civil suit in the name of the United States brought in the district where the person or carrier has its principal operating office ...: Provided,* That any suit for the recovery of a forfeiture imposed pursuant to the provisions of this chapter shall be a trial de novo....

(emphasis added). While this section deals only with suits by the government to enforce forfeiture, not suits by recipients of notices of forfeiture, the FCC argues that it grants exclusive jurisdiction to the district courts over *all* FCC forfeiture cases, including suits by the recipients of notices of forfeiture.

While a notice of forfeiture is clearly a final agency order reviewable under section 402(a), the FCC argues that the specific provision regarding forfeiture, section 504(a), trumps the general rule in section 402(a). The FCC's position is supported by *Pleasant Broadcasting v. F.C.C.*, 564 F.2d 496 (D.C.Cir.1977). The *Pleasant Broadcasting* court noted that "[a]lthough section 504(a) by its terms makes no provisions for *initiation* of judicial review by persons subjected to forfeiture orders, ..., it clearly provides such persons with an opportunity to obtain full review of the Commission's findings, in a trial *de novo* in the district court, in the proceeding which the Government must bring if it wishes to collect the fine." *Id.* at 500 (emphasis original). Relying on the principle that " 'even where Congress has not expressly conferred exclusive jurisdiction, a special review statute vesting jurisdiction in a particular court cuts off other courts' original jurisdiction in all cases covered by the

§ 301 and Section 15.29 of the Commission's Rules, 47 C.F.R. § 15.29. The rule reads in part:
Any equipment or device subject to the provisions of this part, together with any certificate, notice of registration or any technical data required to be kept on file by the operator,

supplier or party responsible for compliance of the device shall be made available for inspection by a Commission representative upon reasonable request.
47 C.F.R. § 15.29(a).

special statute,' " the D.C. Circuit reasoned that Congress did not intend to give petitioners two bites at the apple by allowing them to challenge the forfeiture in the appellate court, and if they lost, to sit back and await an enforcement action, at which time they would be entitled to a trial *de novo* in the district court. *Id.* at 500–01 (quoting *Investment Company Institute v. Board of Governors,* 551 F.2d 1270, 1279 (D.C.Cir.1977)). The *Pleasant Broadcasting* court concluded that section 504(a) is a special review statute which vests jurisdiction over forfeiture actions in the district court, and therefore cuts off simultaneous jurisdiction in other courts. *Id.* Therefore, it dismissed the appeal before it.

We agree with the reasoning of *Pleasant Broadcasting.* We hold that 47 U.S.C. § 504(a) vests exclusive jurisdiction in the district courts to hear enforcement suits by the government, *and* suits by private individuals seeking to avoid enforcement.

We therefore DISMISS this appeal for lack of jurisdiction.