**UNITED STATES of America, Plaintiff,**

**v.**

**ANY AND ALL RADIO STATION TRANSMISSION EQUIPMENT, RADIO FREQUENCY POWER AMPLIFIERS, RADIO FREQUENCY TEST EQUIPMENT ASSOCIATED WITH OR USED IN CONNECTION WITH THE TRANSMISSION AT 97.7 MHZ, LOCATED AT 1400 LAUREL AVENUE, APARTMENT 1109, MINNEAPOLIS, MN 55403, Defendant.**

**Civil No. 3–96–951 (MJD).**

United States District Court,
D. Minnesota,
Third Division.

Sept. 5, 1997.

Joan D. Humes, Assistant U.S. Attorney, Minneapolis, MN, for U.S.

Marshall H. Tanick, Daniel R. Kelly, Ann M. Zewiske, Mansfield & Tanick, P.A., Minneapolis, MN, for Alan Fried.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

This matter came on for hearing before the Honorable Michael J. Davis on June 27, 1997, on a motion by the Plaintiff, the United States of America ("Government") on behalf of the Federal Communications Commission ("FCC"), for judgment on the pleadings or in the alternative, motion to strike claimant's defenses. For the following reasons, the Court grants the Government's motion for judgment on the pleadings.

## BACKGROUND

This case involves the seizure of radio equipment used in the operation of an unlicensed radio station pursuant to an *in rem* action. Claimant Alan Fried is the owner and operator of a micro-radio broadcasting station known as the "BEAT," which broadcasts at a frequency of 97.7 MHZ in an approximately twelve-mile area in and around downtown Minneapolis, Minnesota.

In August 1996, the FCC mailed a certified warning letter informing Claimant that unauthorized radio transmissions from his Minneapolis apartment violated 47 U.S.C. § 301 of the Communications Act of 1934, as amended. The FCC ordered Claimant to respond within ten days and to cease operation immediately. The claimant replied, through his attorney, by challenging the constitutionality of the FCC's regulations and he allegedly requested a waiver of the FCC's licensing requirement.[1] Claimant did not cease operation of the unlicensed radio station pending the status of the requested waiver.

After a hearing, Magistrate Judge John M. Mason issued a Warrant of Arrest and Notice *In Rem* in October 1996 commanding the Marshal to arrest the radio equipment used to operate the unlicensed radio station. The Government subsequently gave notice of the arrest, by personal service on Claimant and his attorney, and by publication. In early November 1996, the United States Marshal for the District of Minnesota executed the warrant and seized the radio equipment.

Claimant subsequently filed a Claim and Verification claiming the property which had been arrested by the U.S. Marshal. Claimant also served and filed an Answer to the Complaint for Forfeiture *In Rem* in which he raises several defenses challenging the constitutionality of the FCC prohibition against low power broadcasting based on the First Amendment, the Equal Protection Clause, and the Due Process Clause. Claimant further alleged as defenses that such prohibition by the FCC violates 47 U.S.C. § 303(g), Article XIX of the U.N. Declaration of Human Rights, and Article XIX of the International Covenant on Civil and Political Rights.

The Government subsequently brought this motion seeking judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Alternatively, the Government moves to strike

---

1. Although the Government disputes whether or not Claimant requested a waiver, the Court will construe that fact in Claimant's favor for the purposes of this motion.

Claimant's defenses pursuant to Fed.R.Civ.P. 12(f).

## DISCUSSION

 Under Rule 12(c), a motion for judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law. *Natl. Car Rental System, Inc. v. Computer Associates Intl. Inc.*, 991 F.2d 426, 428 (8th Cir. 1993). However, a complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In determining whether any material issues of fact remain, the court must accept all facts pled by the non-moving party as true and all reasonable inferences must be construed in favor of the non-moving party. *Westcott v. City of Omaha*, 901 F.2d 1486 (8th Cir.1990).

First, the Government argues that no material issues of fact remain and that judgment on the pleadings is warranted. The complaint for forfeiture *in rem* alleges that defendant equipment constitutes a violation of 47 U.S.C. § 301. Section 301 provides, in part, "[n]o person shall use or operate any apparatus for the transmission of … signals by radio … except under and in accordance with [the FCA] and with a license in that behalf granted under the provisions of this chapter." The complaint further alleges that defendant equipment is subject to forfeiture pursuant to 47 U.S.C. § 510(a). That provision provides that persons who willfully and knowingly intend to violate the licensing requirement may have their equipment or devices seized and forfeited to the United States. 47 U.S.C. § 510(a).

In his answer to the complaint, Claimant admits that the defendant equipment was used and possessed for radio transmission and that the defendant equipment was oper-

ated by Claimant on a frequency of 97.7 MHZ without a license issued by the FCC. (Answer ¶ 5–7). Claimant further admits that he continued to operate the defendant equipment to broadcast radio transmissions after receiving a warning letter from the FCC that ordered him to cease operating radio transmissions immediately. (Answer ¶ 8).

 Because Claimant admits that he used the radio equipment to broadcast without an FCC license, there is no material issue remaining in regards to a violation of 47 U.S.C. § 301.[2] Moreover, seizure of the radio equipment was appropriate under section 510(a) because Claimant's willful and knowing intent is established by his continued operation of the broadcast equipment after receiving a warning letter from the FCC. *United States v. Gris*, 247 F.2d 860, 864 (2d. Cir.1957) (willful and knowing intent to broadcast without a license may be established whether or not claimant knew that broadcasting without a license was unlawful).

Although Claimant does not dispute whether he violated the licensing requirement of 47 U.S.C. § 301, his affirmative defenses raise constitutional and other challenges to the FCC's regulatory provisions on micro-broadcasting. The Government further argues that it is entitled to judgment on the pleadings because it claims that this Court is without subject matter jurisdiction to consider Claimant's defenses. The Government contends that exclusive jurisdiction to determine the validity of FCC regulations is vested in the United States Court of Appeals pursuant to 47 U.S.C. §§ 402(a)–(b). Section 402, the general rule for review of FCC actions, provides that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28." Chapter 158 is comprised of §§ 2341–2353, and includes the following pro-

---

2. Under some circumstances, waivers to the licensing requirement may be granted by the FCC upon a proper showing by the applicant, who would not otherwise meet the requirements for licensing, that permission to broadcast would further the public's interest. 47 C.F.R. § 73.3566(a). Although the parties dispute whether Claimant properly applied for such a waiver, that disputed fact is not material to the question of whether Claimant violated section 301 because he does not contend that any such waiver was ever granted.

vision: "The court of appeals ... has exclusive jurisdiction to enjoin, set aside, suspend ... or to determine the validity of—(1) all final orders of the [FCC] made reviewable by § 402(a) of title 47...." 28 U.S.C. § 2342.

Claimant, on the other hand, argues that pursuant to 47 U.S.C. § 504(a), the Court should not dismiss the case without hearing the merits of his constitutional challenges. Section 504(a) vests exclusive jurisdiction in the district courts to hear enforcement suits by the government, and suits by private individuals seeking to avoid enforcements:

> The forfeitures provided for in this chapter shall be payable into the Treasury of the United States, and shall be recoverable, ..., in a civil suit in the name of the United States brought in the district where the person or carrier has its principal operating office ...: Provided, That any suit for the recovery of a forfeiture imposed pursuant to the provisions of this chapter shall be a trial de novo....

47 U.S.C. § 504(a).

 Reading these various provisions together, it seems clear that federal district courts have exclusive jurisdiction to hear forfeiture suits brought by the government and suits by individuals seeking to avoid enforcement of forfeiture. On the other hand, 47 U.S.C. §§ 402(a)–(b) provides that the Court of Appeals has exclusive jurisdiction to determine the validity of all final orders of the FCC. This case presents a situation which involves both an effort to avoid enforcement of the forfeiture and a challenge to FCC regulations. Thus, the question raised by this case is where jurisdiction should lie when the relevant statutory provisions seem to mandate exclusive jurisdiction in two different jurisdictions.

To support Claimant's position, Claimant cites to *Pleasant Broadcasting Co. v. FCC*, 564 F.2d 496 (D.C.Cir.1977) where the D.C. Court of Appeals held that § 504(a) supersedes the general rule in § 402(a). However, *Pleasant Broadcasting* involved consolidated petitions by two broadcast licensees who requested that the forfeiture orders entered against them by the Commission be set aside. In the first of the two consolidated cases, the Commission imposed a $500 forfeiture on Pleasant Broadcasting for "repeated-

ly" violating the over-power regulation. In response, Pleasant conceded to a single, and not a "repeated" violation within the meaning of 47 U.S.C. § 503(b)(1)(B). The petitioner's sole contention was that the Commission's interpretation of the word "repeatedly" was erroneous as a matter of law.

The second of the consolidated cases in *Pleasant Broadcasting* involved WIYN Radio Incorporated, a station found by the Commission to be in "repeated" violation of its Personal Attack Rule, 47 C.F.R. § 73.123. That Rule requires the licensee, within seven days, to notify the party that had been publicly and personally attacked. The Commission found that a separate offense occurred during each of the 20 days WIYN failed to notify the attacked party. WIYN contested the Commission's interpretation of "repeated."

Because *Pleasant Broadcasting* involved petitions that contested the validity of the Commissioner's finding of a violation 47 U.S.C. § 301, the court properly concluded that jurisdiction was conferred on the district court pursuant to 47 U.S.C. § 504(a). However, in this case, Claimant does not dispute whether he violated 47 U.S.C. § 301 and instead he raises constitutional challenges to the FCC's regulatory scheme as affirmative defenses.

Claimant also cites to *Dougan v. FCC*, 21 F.3d 1488 (9th Cir.1994) to support his position that section 504(a) governs the issue of jurisdiction in this case. In that case, the court held that section 504(a) grants exclusive jurisdiction to the district courts over all FCC forfeiture cases, regardless of the moving party. *Id.* at 1490. Moreover, the *Dougan* Court held that while a notice of forfeiture is clearly a final agency order reviewable under § 402(a), Section 504(a) trumps the general rule in § 402(a).

Although in *Dougan* it was undisputed that the petitioner had violated section 301, the dispute in that case was whether the petitioner violated 47 C.F.R. § 15.29 by refusing to permit FCC engineers to inspect the radio station. The FCC found that petitioner violated 47 C.F.R. § 15.29 and set the amount of forfeiture at $17,500. The petitioner argued that because he did not violate section

15.29, the amount of forfeiture determined by the FCC was improper.[3]

Both *Pleasant Broadcasting* and *Dougan* represent circumstances in which the claimant challenged some aspect of the FCC's order of forfeiture. Because section 504 "vests exclusive jurisdiction in the district courts to review, in the first instance, licensee challenges to forfeiture orders," jurisdiction was properly conferred on the district court in those cases. *Pleasant Broadcasting*, 564 F.2d at 497.

In this case, Claimant does not specifically challenge the forfeiture order of the FCC. Rather, Claimant challenges more broadly the FCC's prohibition against low power broadcasting. Thus, the Court concludes that jurisdiction is properly conferred on the Court of Appeals pursuant to 47 U.S.C. § 402(a)–(b). Exclusive jurisdiction by the Court of Appeals on matters such as those raised by Claimant will ensure consistent application of agency regulations.

### ORDER

Accordingly, based upon the foregoing and all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

Plaintiff's motion for judgment on the pleadings is GRANTED.

---

**3.** In *Dougan*, the FCC argued that jurisdiction properly conferred in the federal district court rather than the Court of Appeals. Claimant in this case argues that the FCC's position in *Dougan* directly contradicts the FCC's posit on here that jurisdiction is properly conferred in the Court of Appeals rather than this Court. However, because *Dougan* involved a claim for recovery of a forfeiture, the Court concludes that the FCC's position in *Dougan* does not contradict their position taken here.