NOONAN, Circuit Judge,
dissenting.
This case is an important one for the statutory scheme created by Congress for the regulation of broadcasting. No binding authority is a precise precedent, with the result that the court has a certain leeway in its interpretation of the jurisdictional provisions of the Federal Communications Act. However, by close analogy with decided cases, by out-of-circuit precedent, and by the terms of the statutory scheme, the district court is without jurisdiction to entertain a challenge to FCC regulations.
The FCC has brought a forfeiture action against a broadcaster without a license. The broadcaster’s only defense is the “the FCC prohibition against low power broadcasting” is contrary to the Constitution of the United States, the statutory mandate of 47 U.S.C. § 303(g), the United Nations Declaration of Human Rights, and the International Covenant on Civil and Political Rights. The defense is exclusively focused on the validity of the regulations. The district court has no jurisdiction to decide the validity of the regulations and therefore has no jurisdiction to consider the defense.
The statute provides: “Any proceeding to enjoin set aside, annul, or suspend any order of the Commission ... shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28.” 47 U.S.C. § 402(a). The cross referenced statute states: “The court of appeals ... has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of — (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47.” 28 U.S.C. § 2342. It is hard to think of clearer language confining the review of regulations to the Courts of Appeal.
The Supreme Court has authoritatively determined that the exclusive jurisdiction of the Court of Appeals over rulemaking by the FCC may not be evaded by seeking to enjoin a final order of the FCC in the district court. FCC v. ITT World Communications, Inc., 466 U.S. 463, 468, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984). A defensive attack on the FCC regulations is as much an evasion of the exclusive jurisdiction of the Court of Appeals as is a preemptive strike by seeking an injunction. Whichever way it is done, to ask the district court to decide whether the regulations are valid violates the statutory requirements. As this court said in applying ITT: “Where exclusive jurisdiction is mandated by statute, a party cannot bypass the procedure by characterizing its position as a defense to an enforcement action.” Southwestern Bell Telephone v. Ark. Pub. Serv., 738 F.2d 901, 906 (8th Cir.1984), vacated and remanded on other grounds, 476 U.S. 1167, 106 S.Ct. 2885, 90 L.Ed.2d 973 (1986). “The exclusive jurisdiction of the courts of appeals cannot be evaded simply by labeling the pro *556 ceeding as one other than a proceeding for judicial review.” Id.
The two cases relied on by the majority are not to the contrary. These cases, won by the FCC, merely hold that the district court is the exclusive forum for a forfeiture. The cases say nothing as to where the regulations of the FCC may be challenged. See Dougan v. FCC, 21 F.3d 1488 (9th Cir.1994); Pleasant Broadcasting Co. v. FCC, 564 F.2d 496 (D.C.Cir.1977). As the court notes, its interpretation of the Ninth Circuit case of Dougan is directly contrary to Moser v. FCC, 46 F.3d 970, 973 (9th Cir.), cert. denied, 515 U.S. 1161, 115 S.Ct. 2615, 132 L.Ed.2d 857 (1995).
The statutory scheme makes sense (1) to ensure review based on an administrative record made before the agency charged with implementation of the statute; (2) to ensure uniformity of decisionmaking because of uniform factfinding made by the agency; (3) to bring to bear the agency’s expertise in engineering and other technical questions. If Fried had no way of obtaining judicial review of the regulations his case might be different. See Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 212-13, 114 S.Ct. 771, 127 L.Ed.2d 29 (1994). But he could have obtained review by applying for a license and asking for a waiver of the regulations; rejection of his request would be permitted appeal to the circuit. Rather than follow the procedures established by law, he has attempted an end ran.
I would affirm the district court.