# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 97-3972

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Any and all Radio Station | * | |
| Transmission Equipment; Radio | * | |
| Frequency Power Amplifiers, | * | |
| Radio Frequency Test Equipment, | * | |
| and any other equipment associated | * | |
| with or used in connection with the | * | Appeal from the United States |
| transmission at 97.7 MHZ, located | * | District Court for the |
| AT 1400 Laurel Avenue, Apartment | * | District of Minnesota |
| 1109, Minneapolis, MN 55403, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| Alan Fried, | * | |
| | * | |
| Claimant-Appellant, | * | |
| _____ | * | |
| National Association of Broadcasters, | * | |
| | * | |
| Amicus on Behalf of Appellee. | * | |
| | * | |

———————

Submitted:   October 19,1999
Filed:       March 27, 2000

_____

Before        McMILLIAN, NOONAN[1] and MORRIS SHEPPARD ARNOLD, Circuit Judges

_____

NOONAN, Circuit Judge.

Alan Fried appeals from a final order entered in the United States District Court[2] for the District of Minnesota granting judgment on the pleadings in favor of the United States, pursuant to Fed. R. Civ. P. 12(c), in its action for in rem forfeiture of certain radio equipment pursuant to the Communications Act of 1934, as amended, 47 U.S.C. § 510.  United States v. Any & All Radio Station Transmission Equipment, 976 F. Supp. 1255 (D. Minn. 1997).

The government asserted that the district court had jurisdiction over the in rem forfeiture action pursuant to 28 U.S.C. §§ 1345 (United States as plaintiff), 1355 (action for forfeiture under any Act of Congress).  We have appellate jurisdiction over the district court's final order pursuant to 28 U.S.C. § 1291.  The

_____

[1]The Honorable John T. Noonan, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

For reversal, Fried argues the district court erred in holding that it lacked subject matter jurisdiction to adjudicate his constitutional affirmative defenses. For the reasons discussed below, we hold that the district court has jurisdiction to adjudicate the in rem forfeiture action, but not jurisdiction to hear Fried's constitutional challenges to the microbroadcasting regulations. Accordingly we affirm the judgment of the district court.

## BACKGROUND FACTS

Most of the facts are not disputed, and the following statement of facts is taken in large part from the district court's memorandum opinion and order.

This in rem forfeiture action involves the seizure of certain radio equipment owned and used by Fried to operate BEAT, an unlicensed radio station, out of his apartment in downtown Minneapolis. BEAT broadcast at a level of about 20 watts, at a frequency of 97.7 MHZ, in an area with a radius of about 6 miles from Friend's apartment. According to Fried, BEAT's broadcast signal did not interfere with any other radio stations.

Fried is a "microbroadcaster." Microbroadcasters operate low-wattage radio stations without licensing approval from the FCC. Microbroadcasters generally use 1 to 95 watts of power to broadcast their FM radio signals. (Extremely low-wattage

-3-

broadcasts do not need to be licensed by the FCC. See 47 C.F.R. § 15.239(b) (emissions which do not exceed 250 microvolts/meter at 3 meters as measured by average detectors).) At the present time FCC regulations bar issuing licenses to microbroadcasters, that is, any radio station broadcasting below 100 watts. See 47 C.F.C. § 73.211(a), .511(a), .512(c) (beginning in 1978, FCC refused to issue all future licenses for broadcasting below 100-watts, except in Alaska). It can cost more than $100,000 for a broadcast license for a 100-watt station. Broadcasting without an FCC license is a violation of federal law. 47 U.S.C. § 301. The FCC estimates that there are between 300 to 1,000 unlicensed, low-wattage radio stations broadcasting diverse programs ranging from Christian sermons to rock 'n roll to call-in discussions nationwide. Microbroadcasters generally view themselves as part of a free speech movement and as community broadcasters; they typically spend their air time talking about topics such as the evils of income tax and government regulation, reading poetry, playing "alternative" music, and expressing political points of view on many subjects.

This litigation began in July 1996, when the FCC received a complaint from a FM radio station in Rochester, MN, about an unlicensed station broadcasting on 97.7 MHZ. FCC agents investigated and confirmed unauthorized radio transmissions from Fried's apartment. In August 1996 the FCC mailed a warning

letter to Fried, informing him that broadcasting unauthorized radio transmissions was unlawful in violation of 47 U.S.C. § 301, ordered him to respond to the warning letter within 10 days, and demanded that he cease operations immediately. Title 47 U.S.C. § 301 provides in part that "[n]o person shall use or operate any apparatus for the transmission of . . . signals by radio . . . except under and in accordance with [the Federal Communications Act] and with a license in that behalf granted under the provisions of this chapter." Persons who willfully and knowingly intend to violate the licensing requirement may have their equipment or devices seized and forfeited to the United States. Id. § 510(a).

Fried responded to the warning letter by challenging the constitutionality of the microbroadcasting regulations and requesting a waiver of the FCC licensing requirement, but he did not cease operation of BEAT.

PROCEEDINGS IN DISTRICT COURT

The government brought this in rem forfeiture action in federal district court. The in rem forfeiture complaint asserted that the district court had jurisdiction under 28 U.S.C. §§ 1345, 1355, and 47 U.S.C. § 510. In October 1996, after hearing, the federal magistrate judge[3] issued a warrant of arrest and notice in rem commanding

---

[3]The Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota.

the United States marshal to "arrest" the radio equipment used to operate the unlicensed radio station. The government gave notice of the arrest by personal service on Fried and his attorney and by publication. The United States marshal executed the warrant and seized the radio equipment in early November 1996. Fried filed a claim of ownership of the seized radio equipment and sought restoration of the equipment. Fried also filed an answer to the complaint in which he raised several affirmative defenses challenging the constitutionality of the microbroadcasting regulations. Fried argued in general that the FCC regulations barring new licenses to microbroadcasters violated the First Amendment, equal protection and due process. Fried also argued that the microbroadcasting regulations violated the Communications Act, 47 U.S.C. § 303(g) (directing the FCC to encourage larger and more effective use of radio "in the public interest"), as well as Article XIX of the United Nations Declaration of Human Rights and Article XIX of the International Covenant on Civil and Political Rights. Fried did not challenge the constitutionality of the Communications Act itself. ( We note that the Supreme Court upheld the constitutionality of the Communications Act in NBC v. United States, 319 U.S. 190, 227 (1943).)

The government filed a motion for judgment on the pleadings in its favor pursuant to Fed. R. Civ. P. 12(c). The government argued that it was undisputed that Fried used and possessed the radio equipment to broadcast without an FCC license. Fried admitted that he intended to continue to operate the radio equipment (and did in fact continue) to broadcast even after receiving the warning letter from the FCC ordering him to cease operations immediately. The district court agreed with the government that there was no material issue of fact in dispute and that it was entitled to judgment as a matter of law – the radio equipment violated 47 U.S.C. § 301 and seizure and forfeiture of the radio equipment was authorized under 47 U.S.C. § 510(a). 976 F. Supp. at 1257.

The district court noted, however, that Fried's affirmative defenses raised constitutional and other challenges to the microbroadcasting regulations. The government argued that it was entitled to judgment on the pleadings because, pursuant to 47 U.S.C. § 402, the court of appeals, not the district court, has exclusive jurisdiction to determine the validity of the microbroadcasting regulations. Section 402(a) provides that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the [FCC] under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28." Chapter 158 includes 28 U.S.C. § 2342,

which provides in part that "[t]he court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend . . . or to determine the validity of – (a) all final orders of the [FCC] made reviewable by § 402(a) of title 47." In other words, the government argued that Fried was seeking to litigate his constitutional challenges in the wrong forum–that, instead of litigating them in the district court, Fried should raise his constitutional challenges before the FCC and then, assuming the FCC rejected his constitutional arguments, seek judicial review by appealing the final order of the FCC directly to the court of appeals. See e.g. FCC v. ITT World Communications, Inc. , 466 U.S. 463, 468 (1984). The FCC has not issued a final order in the present case because Fried has never applied for a license, although he maintained (and the district court assumed so for purposes of analysis) that he had filed a request for a waiver.

Fried argued that the district court, not the court of appeals, had exclusive jurisdiction over the forfeiture action, including the merits of his constitutional challenges to the microbroadcasting regulations. Fried argued that 47 U.S.C. § 504(a) vests exclusive jurisdiction in the district courts to hear forfeiture suits by the government and suits by private individuals seeking to avoid forfeitures, including the merits of his constitutional challenges to the microbroadcasting regulations:

The forfeitures provided for in this chapter shall be payable into

the Treasury of the United States, and shall be recoverable, . . . in a civil suit in the name of the United States brought in the district where the person or carrier has its principal operating office . . .: Provided, That any suit for the recovery of a forfeiture imposed pursuant to the provisions of this chapter shall be a trial de novo . . . .

Although federal district courts have exclusive jurisdiction to hear forfeiture suits brought by the government and suits by individuals seeking to avoid enforcement of forfeiture, the court of appeals has exclusive jurisdiction to determine the validity of all final orders of the FCC. The present case involved both an effort to avoid enforcement of the forfeiture (and thus a matter for the district court) and a constitutional challenge to the microbroadcasting regulations (and thus a matter for the court of appeals). The district court decided that Fried was really challenging the constitutionality of the microbroadcasting regulations, rather than the forfeiture order itself, and thus the case was properly one within the exclusive jurisdiction of the court of appeals pursuant to 47 U.S.C. § 402. 976 F. Supp. at 1259. The district court distinguished the two cases relied upon by Fried to support exclusive jurisdiction in the district court on the ground that, unlike Fried, the claimants in those cases challenged some aspect of the forfeiture order. Id. at 1258-59, citing Pleasant Broadcasting Co. v. FCC, 564 F.2d 496 (D.C. Cir. 1977) (Pleasant Broadcasting) (contesting whether refusal to permit FCC inspection violated regulation), and Dougan v. FCC, 21 F.3d 1488 (9th Cir. 1994) (disputing

-9-

whether petitioner violated regulation by refusing to permit FCC inspection). The

district court granted the government's motion for judgment on the pleadings. This

appeal followed.[4]

## STANDARD OF REVIEW

We review a motion for judgment on the pleadings de novo. We accept as

true all facts pleaded by the non-moving party and grant all reasonable inferences

from the pleadings in favor of the non-moving party. Judgment on the pleadings is

not properly granted unless the moving party has clearly established that no material

issue of fact remains to be resolved and the party is entitled to judgment as a matter

of law. Fed. R. Civ. P. 12(c); e.g., National Car Rental System, Inc. v. Computer

Assocs. Int'l, Inc., 991 F.2d 426, 428 (8th Cir.), cert. denied, 510 U.S. 861 (1993);

Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

## JURISDICTION OF THE DISTRICT COURT

The threshold issue is which court has exclusive jurisdiction – the district

---

[4]The National Association of Broadcasters (NAB) has tendered an amicus curiae brief in support of the Federal Communications Commission (FCC). According to its brief, the NAB is a non-profit incorporated association of radio and television broadcast stations and networks representing the nation's broadcasting industry and is committed to protecting the integrity of the spectrum used for radio and television broadcasting to ensure that the public receives the highest quality service.

court (as Fried argues) or the court of appeals (as the government argues). The parties raise essentially the same arguments on appeal as they did in the district court. For reversal, Fried argues that the district court erred in holding that the court of appeals has exclusive jurisdiction over the forfeiture action and his constitutional defenses. Fried argues that the district court has exclusive jurisdiction because the forfeiture provision, 47 U.S.C. § 504(a), specifically refers to trial de novo in the district court and that reference contemplates adjudication of all issues raised in the forfeiture action, including any and all defenses. He further argues that this specific jurisdictional provision, which particularly refers to forfeiture orders in the district courts, overrides 47 U.S.C. § 402, which is a general jurisdictional provision for judicial review in the court of appeals of final orders of the FCC.

The government argues that the courts of appeals have exclusive jurisdiction to review all final orders of the FCC, including orders deciding applications for broadcast licenses and requests for waivers. See 47 U.S.C. § 402(a); 28 U.S.C. § 2342 (the court of appeals (other than the court of appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of all final orders of the FCC). The government argues that the validity of the underlying microbroadcasting regulations is not at issue in the forfeiture action and that Fried cannot "bootstrap" a constitutional challenge to the

microbroadcasting regulations into the forfeiture action. The government argues that, by attempting to bypass first administrative review by the FCC and then judicial review in the court of appeals, Fried is improperly seeking what essentially amounts to "pre-enforcement" review of the microbroadcasting regulations without an adequate administrative record. The government argues that Fried can raise his constitutional challenges to the microbroadcasting regulations by filing an application for a license with a request for a waiver. If his application for a license and request for a waiver are denied by the FCC, the government argues that Fried can then appeal to the United States Court of Appeals for the District of Columbia Circuit, pursuant to 47 U.S.C. § 402(b)(1). Alternatively, the government argues that Fried can challenge the constitutionality of the microbroadcasting regulations by filing a petition for rulemaking pursuant to 47 C.F.R. § 1.01, and, if that petition is denied, seek judicial review in a court of appeals, pursuant to 47 U.S.C. § 402(a).

This case is an important one for the statutory scheme created by Congress for the regulation of broadcasting. No binding authority is a precise precedent, with the result that the court has a certain leeway in its interpretation of the jurisdictional provisions of the Federal Communications Act. However, by close analogy with decided cases, by out-of-circuit precedent, and by the terms of the statutory scheme, the district court is without jurisdiction to entertain a challenge to FCC regulations.

The FCC has brought a forfeiture action against a broadcaster without a license. The broadcaster's only defense is that "the FCC prohibition against low power broadcasting" is contrary to the Constitution of the United States, the statutory mandate of 47 U.S.C. § 303(g), the United Nations Declaration of Human Rights, and the International Covenant on Civil and Political Rights. The defense is exclusively focused on the validity of the regulations. The district court has no jurisdiction to decide the validity of the regulations and therefore has no jurisdiction to consider the defense.

The statute provides: "Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission . . . shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28." 47 U.S.C. § 402(a). The cross-referenced statute states: "The court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of – (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47." 28 U.S.C. § 2342. It is hard to think of clearer language confining the review of regulations to the Courts of Appeal.

The Supreme Court has authoritatively determined that the exclusive jurisdiction of the Court of Appeals over rulemaking by the FCC may not be evaded by seeking to enjoin a final order of the FCC in the district court. ITT, 466 U.S. at

-13-

468 (1984). A defensive attack on the FCC regulations is as much an evasion of the exclusive jurisdiction of the Court of Appeals as is a preemptive strike by seeking an injunction. Whichever way it is done, to ask the district court to decide whether the regulations are valid violates the statutory requirements. As this court said in applying ITT: "Where exclusive jurisdiction is mandated by statute, a party cannot bypass the procedure by characterizing its position as a defense to an enforcement action." Southwestern Bell Telephone v. Ark. Pub. Serv., 738 F.2d 901, 906 (8th Cir. 1984), vacated and remanded on other grounds, 476 U.S. 1167 (1986). "The exclusive jurisdiction of the courts of appeals cannot be evaded simply by labeling the proceeding as one other than a proceeding for judicial review." Id.

The district court is the exclusive forum for a forfeiture. See Moser v. FCC, 46 F.3d 970, 973 (9th Cir.), cert. denied, 515 U.S. 1161 (1995); Dougan v. FCC, 21 F.3d 1488 (9th Cir. 1994); Pleasant Broadcasting Co. v. FCC, 564 F.2d 496 (D.C. Cir. 1977).

The statutory scheme makes sense (1) to ensure review based on an administrative record made before the agency charged with implementation of the statute; (2) to ensure uniformity of decisionmaking because of uniform factfinding made by the agency; (3) to bring to bear the agency's expertise in engineering and other technical questions. If Fried had no way of obtaining judicial review of the

regulations his case might be different.  See Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 212-13 (1994).  But he could have obtained review by applying for a license and asking for a waiver of the regulations; rejection of his request would have permitted appeal to the circuit.  Rather than follow the procedures established by law, he has attempted an end run blocked by the statutory channels provided for constitutional claims.

AFFIRMED.


A true copy.

Attest:

U.S. COURT OF APPEALS, EIGHTH CIRCUIT.