# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2012

Lyle W. Cayce
Clerk

No. 11-50862

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERRY STEVENS; DEBORAH STEVENS,

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

A Federal Communications Commission ("FCC") investigation concluded that appellants Jerry and Deborah Stevens operated an unlicensed FM radio station from their Austin, Texas residence in violation of § 301 of the Communications Act of 1934, as amended, 47 U.S.C. § 301. The FCC issued a Forfeiture Order in the amount of $10,000. Thereafter, the government brought an action to enforce the forfeiture in district court pursuant to 47 U.S.C. § 504(a). The Stevenses moved to dismiss the enforcement action, arguing that the FCC lacks jurisdiction to regulate intrastate broadcasts and that § 301 does not apply to radio broadcasts. The district court determined that it did not have jurisdiction to consider such legal challenges to the validity of an FCC forfeiture

order in a § 504(a) enforcement action.  The Stevenses appeal from the district court's denial of their motion to dismiss, but do not challenge the factual basis for the Forfeiture Order.  We affirm.

## BACKGROUND

FCC investigations conducted in 2009 revealed that the Stevenses were broadcasting radio signals whose strength far exceeded the limits allowed for unlicensed radio operators.   On August 31, 2009, the FCC sent the Stevenses a "Notice of Unlicensed Operation" that informed them of the violations, instructed them to cease operating the unlicensed radio station, warned them that they would be subject to a substantial monetary forfeiture if they failed to do so, and gave them ten days to respond.  The Stevenses responded with an affidavit acknowledging that they were operating an unlicensed "intrastate" radio station, but challenging the FCC to establish its jurisdiction over intrastate broadcasting.

On November 10, 2009, after measuring excessive signal strength on two more occasions, the FCC sent the Stevenses a Notice of Apparent Liability for Forfeiture, indicating that their conduct made them liable for a $10,000 forfeiture penalty.  On January 7, 2010, the FCC issued a Forfeiture Order informing the Stevenses of a $10,000 monetary forfeiture against them.  On December 20, 2010, the government filed suit in federal district court to enforce the forfeiture penalty.  *See* 47 U.S.C. § 504(a) (providing that FCC forfeitures "shall be recoverable[] . . . in a civil suit in the name of the United States"  in federal district court).

In the district court, the Stevenses did not deny that they had been operating an unlicensed radio station.  Rather, they moved to dismiss the

No. 11-50862

enforcement action on the grounds that the FCC lacked authority under the Commerce Clause to regulate intrastate radio broadcasts and that § 301 of the Communications Act does not apply to intrastate radio broadcasts but only to targeted "point to point" intrastate communications.  The district court determined that it did not have jurisdiction to review the Stevenses' legal challenges to the forfeiture order in the § 504(a) proceeding.  Instead, the court determined that such challenges should have been raised via an administrative appeal of the forfeiture order itself, which would be subject to judicial review in this court, and that its own jurisdiction in the enforcement action was limited to factual determinations.  The district court concluded that the undisputed facts established that the Stevenses had violated the regulations as alleged by the FCC and entered judgment for the government.

## DISCUSSION

After reviewing the relevant statutory and regulatory framework, we agree with the district court that its jurisdiction was limited to considering the factual basis for the agency action.  Therefore, the district court properly refused to consider the Stevenses' legal arguments.

Congress has provided that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the [FCC] . . . shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28."  47 U.S.C. § 402(a).  Chapter 158 of Title 28 in turns provides that "[t]he court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the [FCC] made reviewable by section 402(a) of title 47."  28 U.S.C. § 2342.  That chapter further provides that "[a]ny party aggrieved by [a] final order may, within 60 days after its entry, file a petition to

3

No. 11-50862

review the order in the court of appeals wherein venue lies." *Id.* § 2344.

Only proceedings to enforce and recover on a monetary forfeiture order are to be brought by the government in district court. 47 U.S.C. § 504(a). Section 504(a) permits broadcasters an opportunity to present a factual defense to enforcement of the forfeiture. *See id.*; *see also Radar Solutions, Ltd. v. FCC*, 368 F. App'x 480, 485 (5th Cir. 2010) (unpublished) ("The district court can hear a factual dispute as to whether a defendant has violated the [FCC]'s rules.").

However, an FCC "notice of forfeiture is clearly a final agency order reviewable under [47 U.S.C. §] 402(a)." *Dougan v. FCC*, 21 F.3d 1488, 1490 (9th Cir. 1994). Therefore, to permit a broadcaster to challenge the legal validity of a forfeiture order as a defense to the government's enforcement action would permit it an end run around the "court[s] of appeals['] . . . exclusive jurisdiction . . . to determine the validity of" final FCC forfeiture orders, *see* 28 U.S.C. § 2342, and enable them to raise such challenges much later than they would have been required to had they followed the proper channels, *see id.* § 2344. *Cf. United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 463 (8th Cir. 2000) ("*Laurel Avenue*") (stating that "[a] defensive attack on the FCC regulations is . . . an evasion of the exclusive jurisdiction of the Court of Appeals"). As the district court recognized, it would be anomalous to permit an unlicensed broadcaster to circumvent the congressionally-mandated judicial review scheme and corresponding deadlines simply because the government must go to district court to recover the monetary penalty.[1]

---

[1] The court below discussed what it considered to be a circuit split on the question of whether district courts have jurisdiction to entertain legal defenses in § 504(a) have jurisdiction to consider challenges to the validity of FCC orders and regulations. The district court cited decisions from the Sixth and D.C. Circuits as contrary to its own interpretation of

No. 11-50862

## CONCLUSION

Persons aggrieved by a final FCC forfeiture order must raise legal challenges to the validity of the order in a timely petition for review in the appropriate court of appeals. *See* 47 U.S.C. § 402(a); 28 U.S.C. § 2344. The Stevenses failed to do so. The district court correctly determined that it lacked jurisdiction to consider the Stevenses' legal defenses in the government's action to enforce the forfeiture order. Accordingly, the judgment of the district court

---

the judicial review scheme. *See United States v. Any and All Radio Station Transmission Equip.*, 204 F.3d 658, 667 (6th Cir. 2000) ("*Bent Oak*"); *Action for Children's Television v. FCC*, 59 F.3d 1249, 1256 (D.C. Cir. 1995). In an unpublished opinion, a panel of this circuit previously cited these same cases in stating that "[o]ur sister circuits have split" on the issue; that panel ultimately determined that it did not "need [to] . . . decide the question." *Radar Solutions*, 368 F. App'x at 485-86.

Our further review of our sister circuits' precedents indicates that they present no conflict with our decision here. First, subsequent to *Bent Oak*, the Sixth Circuit has clarified that its holding in that case is limited to situations in which "the FCC does not proceed administratively against an unlicensed microbroadcaster, but instead initiates an in rem action in the district court seeking the forfeiture of offending broadcasting equipment to government suits to enforce final administrative orders." *La Voz Radio de la Comunidad v. FCC*, 223 F.3d 313, 319 (6th Cir. 2000); *see also id.* at 320 ("Of critical importance in [*Bent Oak*] was the fact that no FCC order was being challenged." (citing *Bent Oak*, 204 F.3d at 667)); *Bent Oak*, 204 F.3d at 667 ("The district court concluded[] . . . that it lacked jurisdiction to entertain [the broadcaster's] constitutional defenses because 28 U.S.C. § 2342 provides that the courts of appeals have exclusive jurisdiction 'to enjoin, set aside, suspend . . . or to determine the validity of . . . all final orders of the [FCC]. . . .' We disagree, 'for the simple reason that no FCC order is being challenged.'" (alterations in original) (quoting *Laurel Avenue*, 169 F.3d at 554 (Arnold, J., concurring in the result))). Second, the D.C. Circuit's decision in *Action for Children's Television* arose from an *affirmative* lawsuit brought by broadcasters challenging the FCC enforcement scheme, such that the court in that case had no occasion to decide the distinct jurisdictional question presented here. *Action for Children's Television*, 59 F.3d at 1252; *see also Radar Solutions*, 368 F. App'x at 486 (describing the relevant portions of *Action for Children's Television* as "[d]icta . . . suggest[ing] that [the D.C. Circuit] would side with the 6th Circuit['s decision in *Bent Oak*]"). Finally, although the Ninth Circuit had previously suggested that district courts might have jurisdiction to consider challenges to the validity of agency regulations in a § 504(a) enforcement action, *see Dougan*, 21 F.3d at 1490-91, it has since retreated from that view. *United States v. Dunifer*, 219 F.3d 1004, 1007-08 & n.8 (9th Cir. 2000).

No. 11-50862

is AFFIRMED.