# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 7, 2012

No. 11-50848

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAYMOND FRANK,

Defendant - Appellant

Appeal from the United States District Court for
the Western District of Texas
USDC No. 1:10-CV-957

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

On July 23, 2009, the Federal Communications Commission ("FCC")
responded to a complaint concerning an unlicensed radio station broadcasting
on the frequency 100.1 MHz in the Austin, Texas area.  FCC agents discovered
that signals coming from Raymond Frank's residence exceeded the limits for
operation without a license under 47 U.S.C. § 301(a).[1]  The FCC issued a Notice

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] Section 301 states, in part, that, "[n]o person shall use or operate any apparatus for
the transmission of energy or communications or signals by radio (a) from one place in any

No. 11-50848

of Unlicensed Operation to Frank warning him that his transmissions were not authorized and about the possible penalties he would incur if he continued his transmissions. Frank responded that he had ceased his transmissions.

After receiving another complaint and detecting a signal at a frequency of 90.1 MHz from Frank's home on two additional occasions, the FCC issued a Notice of Apparent Liability to Frank on August 13, 2009. Frank responded to the Notice of Apparent Liability by asserting that the FCC did not have jurisdiction over the matter, arguing that 47 U.S.C. § 301 was unconstitutional, and requesting that the forfeiture order be canceled. On November 9, 2009, the FCC issued a forfeiture order imposing a $10,000 forfeiture penalty against Frank.

When Frank failed to pay the order, the FCC referred the matter to the Department of Justice, which filed a complaint in the United States District Court for the Western District of Texas for judicial enforcement pursuant to 47 U.S.C. § 504(a).[2] On two occasions prior to trial, Frank moved to dismiss the

State, Territory, or possession of the United States or in the District of Columbia to another place in the same State, Territory, possession, or District . . . ." 47 U.S.C. § 301.

[2] Section 504(a) states that:

The forfeitures provided for in this chapter shall be payable into the Treasury of the United States, and shall be recoverable, except as otherwise provided with respect to a forfeiture penalty determined under section 503(b)(3) of this title, in a civil suit in the name of the United States brought in the district where the person or carrier has its principal operating office or in any district through which the line or system of the carrier runs: *Provided*, That any suit for the recovery of a forfeiture imposed pursuant to the provisions of this chapter shall be a trial de novo: *Provided further*, That in the case of forfeiture by a ship, said forfeiture may also be recoverable by way of libel in any district in which such ship shall arrive or depart. Such forfeitures shall be in addition to any other general or specific penalties provided in this chapter. It shall be the duty of the various United States attorneys, under the direction of the Attorney General of the United States, to prosecute for the recovery of forfeitures under this chapter. The costs and expenses of such prosecutions shall be paid from the appropriation for the expenses of the courts of the United States.

47 U.S.C. § 504(a).

No. 11-50848

action based on various procedural and legal challenges to the validity of the FCC's regulations and the forfeiture order against him. The district court concluded that it lacked jurisdiction to address these challenges because such challenges should have been raised via an administrative appeal of the forfeiture order itself, subject to judicial review by this court. It then determined that its own jurisdiction in the enforcement action was limited to factual determinations and denied both motions to dismiss. The district court then set an evidentiary hearing to decide: "(1) whether the FCC's allegations in the Forfeiture Order were true; (2) whether the allegations found to be true met the elements required for liability; and (3) whether the amount of the forfeiture penalty was appropriate in light of the facts."

According to the district court, Frank did not deny the government's factual allegations at the hearing. The district court found that the allegations in the forfeiture order met the elements required for liability and had been proven based on Frank's own admissions and the testimony of the government's witnesses. The district court also concluded that the amount of the forfeiture order was not unreasonably high and entered judgment for the government in the amount of $10,000 plus interest.

Frank appeals the denial of his motions to dismiss but does not challenge the factual basis for the district court's order. He instead makes various pro se legal arguments,[3] above all that the FCC lacked authority under the Commerce Clause to regulate intrastate radio broadcasts and that § 301(a) of the Communications Act only applies to targeted "point to point" intrastate communications. His arguments are foreclosed by our recent decision in the related case, *United States v. Stevens*, -- F.3d ---, 2012 WL 3516204 (5th Cir. August 16, 2012), where we held that district courts do not have jurisdiction to

---

[3] Frank discursively criticizes de novo review and 47 C.F.R. § 15.239(b). These two points are inapplicable to his circumstances and without merit.

No. 11-50848

review legal challenges to government actions in 47 U.S.C. § 504(a) proceedings to enforce forfeiture orders issued by the FCC.[4]

Therefore, we AFFIRM the judgment of the district court.

---

[4] Frank's case involves the same radio station as *Stevens*, which was adjudicated by the same district judge. The two lawsuits have nearly identical pleadings, motions, and briefing, including Freedom of Information Act requests by Deborah Stevens.