# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2016

Lyle W. Cayce
Clerk

DEBORAH STEVENS, Trustee, for Central Texas Liberty Media Holdings,

Plaintiff - Appellant

v.

CALVARY CHAPEL OF TWIN FALLS, INCORPORATED, an Idaho Corporation,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-257

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

This *pro se* action by Deborah Stevens against Calvary Chapel of Twin Falls, Inc. (Calvary) claims its broadcasting over radio frequency 90.1 FM infringed on her property rights as the purported exclusive owner of the radio station. Stevens claimed to be suing as trustee on behalf of Central Texas Liberty Media Holdings.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Stevens has filed previous, similar actions. *See*, *e.g.*, *United States v. Stevens*, 691 F.3d 620 (5th Cir. 2012). The district court dismissed the action, ruling it lacked subject matter jurisdiction; it had so advised Stevens in a previous order and given her 30 days to withdraw her complaint or face sanctions. *See* Fed. R. Civ. P. 11. Stevens did not withdraw her complaint. In its dismissal with prejudice, the court awarded costs of $1,500 plus interest to Calvary, and barred Stevens from filing additional actions in the Western District of Texas without first obtaining leave of court. Stevens challenges the dismissal of her claims and the sanctions imposed.

Calvary was the FCC licensee of the 90.1 FM frequency in the Austin, Texas, area. Although Stevens maintains she is not challenging FCC regulations, she clarified in her response to the court's Rule 11 order that she intended to challenge the FCC's "authority to issue any 'license' to anyone for 90.1 FM in Austin". Additionally, the "federal questions" identified in her brief all relate to the FCC's regulatory and enforcement authority, including licensing.

"The court of appeals . . . has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the [FCC] made reviewable by section 402(a) of title 47." 28 U.S.C. § 2342(1); *see* 47 U.S.C. § 402(a). And, such a petition for review must be filed in the court of appeals "within 60 days after [the order's] entry". 28 U.S.C. § 2344. Because Stevens' challenge to Calvary's broadcasting license was, in fact, an attack on the FCC's regulations and a challenge to its regulatory authority, the district court lacked jurisdiction to consider the challenge and properly dismissed the action. *See* § 2342(1); *Stevens*, 691 F.3d at 623.

Stevens does not raise any substantive assertion for why the court erred in imposing Rule 11 sanctions; instead, she simply repeats her attacks on the

court and FCC regulatory system.  When an appellant fails to identify any error in the court's analysis, it is the same as if she had not appealed that issue. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  And, although *pro se* briefs are afforded liberal construction, arguments must be briefed in order to be preserved.  *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Stevens is cautioned about the intemperate comments, in her appellate brief, about the district judge.

AFFIRMED.